ANAK R. P. SMITH *vs.* HENRY BROWN & another.

Suffolk. March 5, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Assignment of Judgment — Secondary Evidence — Set-off — Notice — Attorney — Joint Contractors.*

In an action on a judgment against two joint contractors, one of whom alone defended, on the issue of the nominal plaintiff's assignment thereof, the assignee, a member of the bar, after testifying that the original assignment was lost, having been last seen by him on a certain date, and that another formal assignment since made was on the court files whence it could not be removed, produced a press copy of the original assignment only. *Held,* that such copy was properly admitted in evidence.

On the further issue of notice to the defendant of the assignment, before the recovery by him and his co-defendant against the nominal plaintiff of a judgment such as would preclude its set-off under the Pub. Sts. c. 168, § 10, there was evidence that the attorney who had represented them, while assuming to act for them in settling the amount to be paid in satisfaction of their judgment, was notified of the assignment, and that subsequently the co-defendant himself received personal notice. *Held,* that a finding was warranted that the defendant received such prior notice of the assignment.

CONTRACT on a judgment. At the trial in the Superior Court, before *Blodgett,* J., the jury returned a verdict for the plaintiff; and the first named defendant alleged exceptions, which appear in the opinion.

*J. H. Robinson,* for the defendant.

*L. D. Brandeis,* ( *W. H. Dunbar* with him,) for the plaintiff.

DEVENS, J. The defendant Griffiths named in the writ was not served with process, and the action was prosecuted against the defendant Brown alone, under the Pub. Sts. c. 164, § 14. Smith, the nominal plaintiff, had declared upon a judgment recovered by him in New York against Brown and Griffiths, on January 31,

1887, alleging that the action was brought for the use of Shafer and Gottgetren, to whom the judgment had been assigned in February, 1887, with notice to the defendants named, and their attorney, of such assignment shortly thereafter and long prior to November, 1887. The defendant was permitted to file a declaration in set-off upon a judgment recovered by Brown and Griffiths in New York, on November 21, 1887, against Smith. At the trial, the plaintiff put in evidence the record of a judgment such as that declared on, recovered by him against Brown and Griffiths in New York, and called Shafer, who was a member of the bar of New York, who produced a press copy of an alleged assignment of the judgment to Brown and Griffiths, dated February 3, 1887, having previously testified that he had last seen the original in February, 1887, and that the same was lost. He further testified, that another formal assignment had been made to himself and Gottgetren, which had been filed in the clerk's office of the court in New York, but which could not be removed from the files. Neither this latter assignment nor a copy of it was produced at the trial. In the record of the judgment put in evidence, the clerk's certificate stated " that the above judgment is assigned to Luther Shafer and Henry Gottgetren."

The defendant excepted to the admission of the press copy produced by Shafer, upon the ground that it was not competent evidence to prove the assignment of the plaintiff's judgment. He contends that a more satisfactory kind of secondary evidence existed, known to the plaintiff before the trial, and that no evidence was given that a search had been made for the assignment alleged to have been lost, and therefore that the evidence was inadmissible. We understand that the first of these objections refers to the formal assignment filed in the court; but the testimony of Shafer, who is a lawyer, afforded evidence that might well satisfy the judge that this could not be taken from the files of the court, and it was also but a second assignment, which would have been inoperative had the first been really made, althought it might have furnished evidence for the files of the court of the transfer. If there are several sources of information of the same fact, it is not ordinarily necessary to show that all have been exhausted before secondary evidence can be re-

sorted to. 1 Greenl. Ev. § 84. It was sufficient to prove the loss of the instrument upon which the plaintiff relied; this being done, he was entitled to prove its contents by the secondary evidence of a press copy. *Goodrich* v. *Weston*, 102 Mass. 362. Whether there was sufficient evidence of the loss of the assignment of which secondary evidence was admitted, was a question of fact for the presiding judge. Unless his finding was based upon an error of law, or upon evidence which, as matter of law, was insufficient to sustain the finding, it would not here be open to revision. *Brigham* v. *Coburn*, 10 Gray, 329, 331. *Commonwealth* v. *Morrell*, 99 Mass. 542. *Walker* v. *Curtis*, 116 Mass. 98. The evidence of Shafer was positive as to the loss of the assignment. He did not expressly testify that he had made search, but this is implied from his statement. The defendant did not see fit to cross-examine upon this point, and there is no rule which requires that there should be affirmative evidence of a search under such circumstances. If satisfied to give credit to the witness, the judge was authorized to hold the loss of the instrument sufficiently proved, and then to admit the secondary evidence of the press copy.

The Pub. Sts. c. 163, § 10, provide that, if the demand on which the action was brought " has been assigned, and the defendant had notice of the assignment, he shall not set off a demand that he acquires against the original creditor after such notice." The defendant Brown further contends, that the court erroneously ruled that there was sufficient evidence to warrant the jury in finding that the defendant Brown had notice of the assignment to Shafer and Gottgetren of the judgment recovered by Smith before the recovering of the judgment by Brown and Griffiths against Smith, declared on in the declaration in set-off.

There was evidence that one Sperry had been the attorney of Brown and Griffiths in the suit brought against them by Smith, and that soon after judgment had been recovered and execution had issued thereon, while negotiations were pending in regard to the officer's fees and the sum which should be paid in satisfaction of the judgment between Sperry and Shafer, the latter gave Sperry notice of the assignment of the judgment; and that, some three or four weeks after, Shafer met Griffiths in Sperry's office,

and gave him personal notice of the assignment. No notice was given to the defendant Brown, except such as may be inferred from these facts, nor was there any evidence that Sperry continued to be or had ceased to be the attorney of Brown at the time of the notice thus given to him. The fact that Sperry had acted as attorney for Brown and Griffiths when judgment against them was recovered, that he was still assuming so to act in settling the amount to be paid in satisfaction thereof, and that there was no evidence that he had ceased to be such attorney, would justify a jury in believing that he was properly representing Brown in these negotiations, and thus within the scope of his agency, in receiving notice of the assignment which informed him who was the real, as distinguished from the nominal, creditor. The notice to him might, therefore, properly be held by the jury as notice to Brown.

While the statute above cited does not in terms provide for notice to an agent or attorney, there is no reason why the general principle which affects a principal by notice to his agent or attorney should not apply.

Upon another ground, also, we are of opinion that the jury were warranted in finding notice to Brown of the assignment; and that is through the notice to his co-defendant Griffiths in the first action, who was his co-plaintiff in the second action, of which there was distinct testimony. It is a general rule, that where two or more persons are subject to a joint duty or obligation, and when special notice to each is not made necessary by statute or contract, a notice to one on behalf of all is notice to all. *Morse* v. *Aldrich*, 1 Met. 544. *Knight* v. *Fifield*, 7 Cush. 263. Applying the same principle, even if the defendants are not shown to have been partners, they were joint contractors, liable for the debt originally due to Smith, and a notice to one of them that the judgment on this debt had been assigned would be a notice sufficient to prevent them from thereafter recovering as joint plaintiffs a judgment upon another claim which would be operative as a set-off to the judgment which had been thus assigned.

The view we have taken of the above questions renders it unnecessary to discuss other questions presented by the bill of exceptions.                                      *Exceptions overruled.*