## ALICE N. WHITNEY *vs.* EDWIN W. LYNCH.

Worcester.   October 4, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Requests for instructions, Exceptions, New trial. *Deceit,* Measure of damages. *Damages,* In tort. *Evidence,* Materiality, Best and secondary.

An exception cannot be sustained to the refusal of a presiding judge to embody, in an impartial and accurate statement to the jury of the principles of law governing the defendant's liability, comments on the probative force of certain facts which it would be proper for the counsel requesting the rulings to emphasize in his argument to the jury.

No exception will be sustained to the refusal of a presiding judge to make a ruling that is requested in a form in which it is unintelligible and apparently incomplete.

In an action of tort for deceit in inducing the plaintiff to purchase at their par value certain shares of stock which were in fact worthless, the defendant is entitled to have the jury instructed that the measure of damages is the difference between the actual value of the shares bought by the plaintiff and what their value would have been if the defendant's representations had been true, and the use by the presiding judge of the words "actual market value" instead of the words "actual value" was held to have been misleading and a sufficient ground for sustaining an exception, where there was evidence that the actual value of the stock was nothing and there was no direct evidence of what either the actual or the market value would have been if the defendant's representations had been true, so that it was wholly conjectural whether the actual and the market values were identical.   .

In an action of tort for deceit in inducing the plaintiff to purchase at their par value certain shares of stock which were in fact worthless, evidence of the good faith of the defendant in making the representations, which he had reason to know were false and which deceived the plaintiff, is immaterial; and evidence of the reputation of the defendant for honesty and fair dealing also is immaterial and incompetent.

In an action for deceit in inducing the plaintiff to purchase at their par value certain shares of stock in an amusement corporation, which in fact were worthless, where it is shown that the defendant, who was the president of the corporation, at his first interview with the plaintiff and her husband left with them a printed circular to read, which they read, and that before the trial they had made an unsuccessful search for this copy of the circular and had failed to find it, the plaintiff properly may be allowed to put in evidence another printed copy of the circular.

In an action for deceit, where an exception of the defendant was sustained that related wholly to the measure of damages and the issue of the defendant's liability had been tried without error, it was ordered that the new trial of the case should be confined to the issue of damages.

TORT for alleged false and fraudulent representations whereby the defendant induced the plaintiff to purchase at par certain shares of the alleged preferred stock of a corporation called the Worcester Amusement Company, which were in fact of no value. Writ dated February 19, 1912.

In the Superior Court the case was tried before *Dana,* J. The facts which could have been found in favor of the plaintiff on the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make eleven rulings. Of these the judge read the second ruling to the jury and also gave as an instruction to the jury the substance of the third ruling. The other rulings requested by the defendant were as follows:

"1. Upon the pleadings and evidence in this case the verdict must be for the defendant."

"4. That no recovery can be had in this case unless the jury is satisfied by a fair preponderance of evidence that the representations were made fraudulently, and in considering this matter the jury has a right to take into account the fact as to whether the defendant obtained any benefit personally from the transaction.

"5. In considering the question whether the representations were fraudulently made, the jury has a right to take into account the fact that the defendant acted consistently with his own good faith at the time of making the representations, and may take into account the fact that he himself invested a large sum of money in the enterprise, if they find such to be a fact, as evidence of the good faith of the defendant.

"6. The mere fact that the investment proved to be unprofitable is no evidence that the representations made of the sale of same were fraudulent.

"7. If the jury find that the defendant made the representations in an honest belief that the facts are as represented although the plaintiff believes facts to be as represented may have acted in such belief and suffered damage because facts were not as represented.

"8. If the plaintiff is entitled to recover damages the measure of damages is the difference between the actual value of stock sold to her and what the value would have been if the defendant's representations had been true.

"9. On the pleadings and evidence in the case if the plaintiff is entitled to damages she can recover only nominal damages.

"10. There can be no recovery by the plaintiff on account of the five shares of stock which the plaintiff's husband purchased in exchange.

"11. There can be no recovery in this case because of misrepresentations as to the legal effect of the provisions of the bylaws relating to the rights of the stockholder."

The judge refused to make any of these rulings in the form requested, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $539.12. The defendant alleged exceptions. The questions raised by the exceptions relating to evidence are indicated sufficiently in the opinion.

*W. C. Mellish,* (*R. B. Fletcher* with him,) for the defendant.

*M. M. Taylor,* (*W. C. Foley & M. C. Taylor* with him,) for the plaintiff.

DE COURCY, J. There was ample evidence that the plaintiff bought from the defendant five shares of preferred stock of the Worcester Amusement Company, and that she was induced to do so by certain material representations of fact made by the defendant. Among these was a statement that certain prominent Worcester business men, named by him, were heavy investors in the company, two of them having put in $5,000 each; an assertion that the company was practically financed and had substantially enough money to build the new theatre; that the stock was selling very rapidly, and there was little left to be sold; and an assurance that the preferred stock was a first claim upon the property, and that in case of failure or liquidation she would get her money back, with seven per cent guaranteed interest. As matter of fact the business men referred to never paid anything for their stock, but it was given to them by the defendant. Instead of the enterprise being "practically financed" at that time, October 18, 1910, the corporation had only a lease of the land with an option to purchase, there were mortgages on the property aggregating $125,000, and payment in full for the work done in September had not been made to the contractor, who later was obliged to take over the property. Of the $200,000 of preferred stock only fifty shares had been sold and paid for by the persons to whom the certificates were issued. It could be found that

the defendant, who was the president, the treasurer and a director of the corporation, knew that these representations made by him were untrue; and the jury further could find that the stock for which the plaintiff paid $100 a share was of little or no value.

The foregoing disposes of the first ruling requested by the defendant. The fourth, fifth and sixth rulings singled out certain facts which the counsel requesting the rulings properly might emphasize in his argument to the jury, but which the judge rightly refused to embody in his impartial and accurate statement of the principles of law governing liability. The seventh ruling, as it appears in the record, is unintelligible and is apparently incomplete. The ninth was refused rightly. The tenth, so far as it relates to liability, and the eleventh were covered by the charge in a manner sufficiently favorable to the defendant.

On the issue of damages, however, the defendant was entitled to have the jury instructed in accordance with his eighth request: As the plaintiff retained her stock, the measure of her damages was the difference at the time of the purchase between the actual value of the stock and what its value would have been if the defendant's representations were true. *Thomson* v. *Pentecost,* 210 Mass. 223. *Goodwin* v. *Dick,* 220 Mass. 556. The rule of damages laid down by the presiding judge was the difference in market values instead of the difference in actual values. It may be that, on the facts in evidence, the result would be the same whichever standard was adopted; and in the charge "actual value" and "actual market value" seem to have been used as equivalent terms. But, while there is evidence that the actual value of the stock was nothing, there is no direct evidence of what either the actual or the market value would have been if the defendant's representations had been true, and it is wholly conjectural whether those values would be identical. At the close of the charge the attention of the judge was called to his statements regarding the market value, but no correction was made by him. We cannot say that this error did not injuriously affect the substantial rights of the defendant; and the exception taken by the defendant to the failure to give his eighth request must be sustained.

The exceptions relating to evidence may be disposed of briefly. What the defendant did as a stockholder in January, 1912, evidence of which was offered to show his "good faith all the way through the transaction," plainly was immaterial to the issues in the case. The reputation of the defendant for honesty and fair dealing was inadmissible. *Geary* v. *Stevenson*, 169 Mass. 23. The printed circular issued by the defendant as president of the Worcester Amusement Company was admitted properly. Both the plaintiff and her husband testified that at their first interview the defendant left with them a copy of it, which they read; and that an unsuccessful search had been made for it before the trial. *Smith* v. *Brown*, 151 Mass. 338. The opinion of a witness that the defendant entered into the contract to build the theatre in good faith was excluded rightly.

The issue of liability was tried without error, and the plaintiff should not be compelled to retry that question. The only exception of the defendant that is sustained relates to damages, and a new trial must be had on that issue only. *Thomson* v. *Pentecost*, 206 Mass. 505.

*So ordered.*