· MEREDITH W. PALMER *vs.* DAVID D. DUNCANSON.

DAVID D. DUNCANSON *vs.* MEREDITH W. PALMER.

Middlesex. January 25, 1926. — January 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Competency, Book accounts. *Practice, Civil,* Conduct of trial: finding by judge as to requisites preliminary to admission of evidence.

Where, at the trial of an action, the contents of certain books of account are material and there is evidence that the books cannot be found but that before they were lost the person who kept them caused certain

transcriptions to be made therefrom under his oversight and direction, it is not error for the trial judge to admit the transcriptions in evidence for the consideration of the jury.

REPLEVIN of a horse, certain cattle, dogs, a harness, a sleigh and blankets. Writ dated March 12, 1923. Also an action of

CONTRACT upon an account annexed for $792.25 alleged to be due for the board and care of the horse and cattle. Writ in the District Court of Lowell dated March 16, 1923.

In the action of replevin, the defendant set up in his answer a lien for the charges described in the account annexed in the second action.

On removal of the second action to the Superior Court, the two actions were tried together before *Broadhurst,* J. The only exception by Palmer was to the admission in evidence of a paper, which was marked "Exhibit 7" and which set forth substantially the account annexed to the declaration in the second action. Duncanson testified that his brother kept all his books and that they could not be found. The brother testified to the same effect and that Exhibit 7 was transcribed from the books in his presence and at his direction by his daughter. The jury found for the defendant in the action of replevin in the sum of $658.30, and for the plaintiff in the action of contract in the same amount. The judge then reported the actions to this court for determination, new trials to be had if the admission of Exhibit 7 was erroneous, and if its admission was proper, judgments to be entered on the verdicts.

The case was submitted on a brief by

*M. G. Rogers & F. M. Qua,* for Duncanson.

No argument nor brief for Palmer.

BY THE COURT. The question reported is whether a proper basis had been laid for the admission of secondary evidence as to the contents of books of account. The preliminary finding of the judge to the effect that there was such basis was amply justified by testimony which need not be narrated. *Smith* v. *Brown,* 151 Mass. 338. *Whitney* v. *Lynch,* 222 Mass. 112, 116. The case is distinguishable from *Post* v. *Leland,* 184 Mass. 601.

*Judgments to be entered on the verdicts.*