WILLIAM LEADER & another *vs.* MICHAEL KOLLIGAN.

Suffolk. November 9, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Deceit. Evidence,* Competency. *Damages,* In tort. *Practice, Civil,* Judge's charge.

In an action of deceit in the sale of real estate, the measure of damages is the difference between the actual value of the property at the time of the purchase and its value if the property had been what it was represented by the defendant to be; the application of this rule is not changed nor modified by the fact that the plaintiff thirteen months after the sale by the defendant to him for $8,100 sold the real estate for $9,200.

At the trial of an action of tort for deceit in the sale of a house by the defendant to the plaintiff, where there was evidence warranting findings that the defendant falsely had represented the rents from the house to be $10 per month more than they were, and that the premises were in good repair, it was error for the judge to require the plaintiff to testify that thirteen months after the sale by the defendant to him he sold the premises for $1,100 more than he paid for them.

At the trial above described, it was error for the judge to charge the jury as follows: "Now, it is said that . . . [the plaintiff] received $10 a month less than was represented. If the house is worth what is represented by these real estate experts and if he didn't get the rent that he ought to, that is his own lookout. If the house was worth more and the rent was worth more and he didn't get it he can't complain of the defendant about it. The question is whether the leasehold interest is worth more. . . . For instance, supposing that the jury should find that it was represented to be $45 a month and he got only $35, that is, he got $10 less. Well, from the time he bought the property and up to the time he sold it that would be taken into account in his damages also. Ten dollars a month less than it was represented to be."

TORT for deceit. Writ dated August 7, 1922.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence and exceptions by the plaintiffs are stated in the opinion. The jury found for the defendant. The plaintiffs alleged exceptions.

*B. J. Killion & G. F. Mitchell,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

PIERCE, J.   This is an action of tort in the nature of deceit brought by the plaintiffs to recover for false representations made by the defendant to induce them to purchase certain real estate.   The jury found for the defendant, and the case comes before this court on exceptions by the plaintiffs to rulings by the presiding judge respecting the measure of damages in an action of deceit.

The evidence in support of the action introduced at the trial by the plaintiffs warranted a finding that the defendant, through his duly authorized agent, represented to the plaintiffs that the rents from the house on the real estate conveyed were $95 a month; that the roof of the house "was practically a new roof" and had been recently repaired; and that the house was in good general repair.   The evidence further introduced by the plaintiffs warranted a finding that the rents received by the defendant were $85 a month; that the roof was not a new roof, nor had it been recently repaired; and that the plaintiffs were induced to take the conveyance of the real estate in reliance on the above statements of fact. Assuming that the jury found on proper instructions that the statements of the agent were misrepresentations of fact which were inducements to the purchase relied on by the plaintiffs, a cause of action arose to them on the transfer of the property.   *Brown* v. *Castles*, 11 Cush. 348.   *Mignault* v. *Goldman*, 234 Mass. 205.

Subject to the exception by the plaintiffs, the presiding judge required one of the plaintiffs to testify to the fact that the plaintiffs did not then own the property conveyed to them; and to the fact that they had sold it for $9,200 thirteen months after they had bought it for $8,100.   Subject to the exception by the plaintiffs in connection with the above testimony the judge, speaking to the entire subject of damages, said to the jury: "For instance, supposing that the jury should find that it was represented to be $45 a month and he got only $35, that is, he got $10 less.   Well, from the time he bought the property and up to the time he sold it that would be taken into account in his damages also.   Ten dollars a month less than it was represented to be."   At the close of

the evidence, the plaintiffs moved "that all the evidence offered of values and of the price at which this house was sold thirteen months after the purchase be stricken from record." The motion was denied and the plaintiffs duly saved their exception.

In the charge the judge instructed the jury: "Now, it is said that they received $10, a month less than was represented. If the house is worth what is represented by these real estate experts and if he didn't get the rent that he ought to, that is his own lookout. If the house was worth more and the rent was worth more and he didn't get it he can't complain of the defendant about it. The question is whether the leasehold interest was worth more . . . . The plaintiffs say, We were deprived of this rent. Were they? If it was represented to him that the rent downstairs was $45 a month and he could get $45 a month that the leasehold interest, the value of that property for leasing purposes was $45 a month and he didn't get it, he can't complain of the defendant if he didn't get it if it was worth it." The plaintiffs duly directed the attention of the judge to this portion of the charge and duly saved their exception upon his refusal to modify the same.

It is said in *Morse* v. *Hutchins*, 102 Mass. 439, at page 440, "It is now well settled that, in actions for deceit or breach of warranty, the measure of damages is the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented or warranted to be . . . . This is the only rule which will give the purchaser adequate damages for not having the thing which the defendant undertook to sell him. To allow the plaintiff . . . only the difference between the real value of the property and the price which he was induced to pay for it would be to make any advantage lawfully secured to the innocent purchaser in the original bargain inure to the benefit of the wrongdoer." The application of this rule is not changed or modified by the fact that a purchaser of a warranted article has sold it for the same or even a greater price than he paid for it. *Medbury* v. *Watson*, 6 Met. 246, 257. *F. W. Stock & Sons* v. *Snell*, 226 Mass. 499, 504. *Learned*

*v. Hamburger,* 245 Mass. 461, 470. "The disposition which a purchaser makes of property is an independent and collateral fact, having no connection with the bargain by which he acquired his title." *Brown* v. *Bigelow,* 10 Allen, 242, 244. *J. I. Case Plow Works* v. *Niles & Scott Co.* 90 Wis. 590, 606. In the matters to which exceptions were saved, *supra,* the judge erred. The evidence received and the portion of the charge quoted were harmful to the plaintiffs, and their exceptions must be sustained.

*Exceptions sustained.*