MANUEL P. REIS *vs.* MINNIE F. SZUBZDA.

Middlesex.   November 10, 1930. — November 24, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Deceit. Evidence,* Competency.

At the trial of an action of tort for deceit in falsely representing to the plaintiff that mortgages upon certain real estate, which the defendant had offered to convey to the plaintiff in an exchange of property, might remain standing after their due date, and thus inducing the plaintiff to make a contract for the exchange, there was no evidence of the market value of the property subject to the mortgages as it was when the mortgages matured or of what its value would have been if the representations had been true; and the trial judge properly refused to permit the plaintiff to be asked "What was the value of the property . . . fixed at when you made the agreement?" and "What was the value of the property" after he "found out that the statement of the standing mortgage was not true?" and also to permit another

witness to be asked, " What did " a real estate broker for both parties " fix the values of " properties being exchanged " at," and to permit another agent of the defendant to be asked, " What were your estimates as agent of " the defendant " as to the value of the equities in this property valued? "

Tort for deceit. Writ dated October 4, 1927.

In the Superior Court, the action was tried before *Beaudreau,* J. Material evidence and rulings by the judge are stated in the opinion. The judge ordered a verdict for the defendants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. G. Andrew,* for the plaintiff.

*A. S. Howard,* for the defendant.

Sanderson, J. This is an action of tort for deceit in which the plaintiff alleges that he was induced by false representations of the defendant to exchange his property, in Lowell, for two parcels of real estate of the defendant, in Boston. There was a first mortgage on each piece of property in Boston maturing February 15, 1927. The agreement for exchange was made on April 10, 1926, and the testimony tended to prove that the defendant's agent, when told in the negotiations for the exchange that the plaintiff had no money to pay on account of the mortgages on the property in Boston, said that he had made arrangements with the bank holding these mortgages that they might remain standing after February 15, 1927, provided the interest was paid. At the close of the evidence, the trial judge, subject to the plaintiff's exception, directed a verdict for the defendant. The parties agreed that the agent acted with full authority of the defendant in negotiating the exchange of the property, and that no arrangement had been made with the bank for permitting the first mortgages to remain standing after maturity without payment on the principal.

The only exceptions argued are to the exclusion of four questions. The first two addressed to the plaintiff were: " What was the value of the property in Boston fixed at when you made the agreement? " and " What was the

value of the property on April 30 after you found out that the statement of the standing mortgage was not true? " The plaintiff had previously testified that he did not find out the representations were untrue until after April 30, and an objection was made to the form of the second of these questions. The third question addressed to another witness was: "What did he, Mr. Ducharme, fix the values of the property in Boston and the property in Lowell at?" It appeared that the person referred to in the question was a real estate broker and was agent of both parties. The fourth question, addressed to another agent of the defendant, was: "What were your estimates as agent of Mrs. Szubzda as to the value of the equities in this property valued?" If the plaintiff was entitled to recover in this action the measure of his damages would be the difference between the market value of the property conveyed to him as it actually was with the first mortgages maturing and being payable on February 15, 1927, and what its value would be if the representation had been true. *Morse* v. *Hutchins,* 102 Mass. 439. *Leader* v. *Kolligan,* 262 Mass. 63. No evidence was introduced tending to prove the value of the property upon either assumption. The ruling excluding the questions to which reference has been made was right for the reason, among others, that responsive answers would not have produced competent evidence of value. Questions not argued by the plaintiff are treated as waived.

*Exceptions overruled.*