FRANK J. ANDERSON & another *vs.* BENJAMIN J. RUBIN.

Suffolk.    November 14, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Deceit. Damages*, In tort.

An action of deceit by a lessee of a pool room and bowling alley and tables and other furniture therein was based on a representation made during the negotiations for the lease by the defendant, who was attorney for the lessor, that the lessor had good title to the leased property. It appeared that the lease required the lessee to expend a certain sum in repairs of the leased premises and furniture; that title to such tables was in the defendant as assignee of the vendor under a contract of conditional sale of them; that they were subject to a Federal tax lien which the lessee had to pay; that, several months after the making of the lease, the defendant removed the tables and other property, whereupon the lessee ceased to do business in the leased premises; and that the lessee had expended for repairs a substantial sum in excess of that which he was required by the lease to expend. *Held*, that it was proper, in the circumstances, to assess the damages in the action in a sum which, although greater than the amount of the tax lien plus the amount due under the contract of conditional sale, represented the difference between the actual value of the lease and the value which it would have had if the defendant's representation had been true, but which did not include prospective profits lost by the plaintiff or the expenditure by the plaintiff for repairs.

TORT.    Writ dated July 28, 1926.

In the Superior Court, the action was referred to an audi-

tor, whose findings were to be final. Material findings are stated in the opinion. The action thereafter came on to be heard by *Weed,* J., who "made a finding" for the plaintiffs in the sum of $705.61. The plaintiffs alleged exceptions.

The case was argued at the bar in November, 1933, before *Rugg,* C.J., *Crosby, Pierce, Donahue,* & *Lummus,* JJ., and afterwards was submitted on a brief to all the Justices except *Wait,* J.

*A. G. Sleeper,* for the plaintiffs.

No argument nor brief for the defendant.

LUMMUS, J. The plaintiffs took a lease for five years of a bowling alley and pool room, "together with the exclusive right to use all articles such as pool tables, alleys, balls, cues, and all other things used for the purpose of running said pool-room etc. now on said premises." The plaintiffs agreed to repair the place and its equipment to the extent of $1,000. During the negotiations the defendant, who was attorney for the lessor, assured the plaintiffs that the title to the property leased was good in the lessor, except for three mortgages on the real estate.

The defendant falsely and fraudulently concealed from the plaintiffs the fact that there was an encumbrance on the pool and billiard tables included in the lease, consisting of a Federal tax lien for $58.34, which the plaintiffs had to pay; and also the fact that he himself, as the assignee of the vendor in a conditional sale, held the title to said tables. About four months after the lease was given, the defendant made claim to the tables, and about two months later removed them, together with all the rest of the equipment, to which he had no title. From that time the plaintiffs ceased to do business, and to pay rent to the first mortgagee in possession. Shortly afterwards the first mortgage was foreclosed by sale, and the leasehold was gone.

In this action for deceit, an auditor was appointed with a provision that his "report should be final," and made findings herein summarized. Although the amount secured by the conditional sale was only $300 and the tax lien was only $58.34, the auditor found that the falsity of

the representation caused the lease to be worth $558.34 less than it would have been worth had the representation been true.  He gave no consideration to the profits or prospective profits of the business, or to the fact that the plaintiffs expended for repairs $1,000 as required by the lease, and $1,784.59 more.  The trial judge, upon the auditor's report, "found" for the plaintiffs for $558.34 and interest, amounting together to $705.61, subject to the exceptions of the plaintiffs, who contended that the amounts spent for repairs and the prospective profits of the business should have been included.

The rule of damages adopted by the auditor and the judge is the one ordinarily applied.  *Kerr* v. *Shurtleff*, 218 Mass. 167, 173.  *Reis* v. *Szubzda*, 273 Mass. 184. *McNulty* v. *Whitney*, 273 Mass. 494, 504, 505.  *Roche* v. *Gryzmish*, 277 Mass. 575, 580.  Prospective profits cannot be considered, except so far as the profitable uses to which the leasehold might be put are reflected in its value.  *Parker* v. *Levin*, 285 Mass. 125.  Though some of us, including the writer, think otherwise, a majority of the court are of opinion that the principle upon which damages were awarded was adequate for the case, and that even the amount expended for repairs under the requirement of the lease was properly excluded from consideration.

*Exceptions overruled.*