RAYMOND H. PIPER *vs.* PAUL D. CHILDS.

SAME *vs.* J. AMORY JEFFRIES.

Suffolk. December 14, 1934. — May 1, 1935.

Present: CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Deceit. Damages,* For tort. *Practice, Civil,* Intervention, Exceptions. *Assignment. Pledge.*

A misrepresentation that the liquidating value of corporate stock is a certain sum per share may be the foundation of an action for deceit.

An action for deceit could be maintained on evidence that the defendant, who was an officer and substantial stockholder of a corporation, represented to the plaintiff that the liquidating value of the corporation's stock was a certain sum per share; that by his conduct the defendant discouraged the plaintiff from asking to see the books, which he did not see; that in reliance on the defendant's representation the plaintiff purchased shares of the stock; that the defendant had unreasonably overvalued certain of the corporate assets upon the basis of which he made the representation; and that the actual liquidating value of the stock was a certain sum per share substantially less than that represented.

In an action for deceit founded upon a false representation by the defendant that the liquidating value of corporate stock purchased by the plaintiff was a certain sum per share, it was proper to award the plaintiff in damages the difference between the liquidating value of his shares as so represented and their actual liquidating value, which was substantially less; and on the record no error appeared in the the calculation of the actual liquidating value.

Statement by LUMMUS, J., as to intervention in actions at law and suits in equity.

It *was assumed,* in the circumstances, that one whose petition to intervene in an action at law was denied was entitled to carry the question of the propriety of such denial to this court upon his exception thereto.

A cause of action for deceit is not assignable; and therefore, in an action for deceit by a purchaser of shares of stock founded upon false representations by the defendant as to their value, it was proper to

deny a petition by a pledgee of the shares for leave to intervene and to receive any execution which might issue in favor of the plaintiff: the petitioner's rights, whatever they were, were no greater than those of an assignee of the cause of action and he had no interest in the cause of action.

In general, a cause of action which does not survive is not assignable. Per LUMMUS, J.

TWO ACTIONS OF TORT. Writs dated May 14, 1930.

The actions were heard together in the Superior Court by *J. J. Burns,* J., without a jury. Material evidence and findings by the judge are stated in the opinion. He found for the plaintiff in each action in the sum of $14,002.88 and reported the actions for determination by this court.

A petition by State Street Trust Company for leave to intervene is described in the opinion. The petition was denied by *Whiting,* J. The petitioner alleged an exception.

*F. W. Crocker,* for the defendants.

*R. H. Lee & O. R. Waite,* for the plaintiff.

*E. K. Arnold,* (*V. S. Bigelow* with him,) for State Street Trust Company.

LUMMUS, J. These are two actions of tort for deceit. The defendants were officers and substantial stockholders of a corporation named Childs, Jeffries & Company, Inc., which was in business as a broker and investment banker. The plaintiff, in January, 1929, having been employed for about a year as sales manager for the corporation, bought thirty-six shares of its stock at $550 a share. The defendants represented to him that its liquidating value was $551.55 a share. He did not see the books, and the defendants by their conduct discouraged him from asking to see them. The judge, sitting without a jury, found that the defendants were liable in deceit, found that the real liquidating value of the stock was $235.03 a share, and awarded the plaintiff as damages in each case the difference between the liquidating value as represented and the real liquidating value, with interest from the date of the writ. A finding was warranted that the difference in liquidating value was reflected in the market value and the actual value, so that the finding was consistent with the familiar rule that in

actions for deceit the damages consist, apart from interest, in the difference in actual value between that which the plaintiff in fact got and that which he would have got if the representation had been true. *Morse* v. *Hutchins*, 102 Mass. 439. *Whitney* v. *Lynch*, 222 Mass. 112, 115. *Picard* v. *Allen*, 285 Mass. 15, 18. *Anderson* v. *Rubin*, 286 Mass. 361, 363. See also *Murray* v. *Stanton*, 99 Mass. 345; *Joseph S. Wells Association* v. *Helvering*, 71 Fed. Rep. (2d) 977. The judge reported the cases for the purpose of presenting questions of law raised by the defendants.

1. There was evidence of all the essential elements of deceit. *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167. Although the plaintiff had already expressed his pleasure at the idea of being admitted to the "firm" by being allowed to buy stock, no agreement was made until the defendants told him that the price asked, $550, was less than the liquidating value, $551.55. It could be found that the representation was relied on by the plaintiff and was made with intent that it should be relied on. It could also be found that the representation was false, and known by the defendants to be false. A false statement of value may give rise to an action of deceit. *Standard Oil Co. of New York* v. *Back Bay Hotels Garage, Inc.* 285 Mass. 129, 133. *Commonwealth* v. *Coshnear*, 289 Mass. 516, 522. The itemized list, with valuations, relied on by the defendants in making the representation, was produced, and the judge expressly found that certain assets were valued by the defendants on the basis of unreasonably hopeful prophecy rather than actual conditions. Since the list purported to include all the assets of the corporation, the judge was warranted in finding that an overvaluation of any item resulted in an overvaluation of the total of the assets. If the total was overvalued, the value thus attributed to each share of stock was more than it was really worth, and the plaintiff suffered by buying shares of stock worth less than they were represented to be worth. *Connelly* v. *Bartlett*, 286 Mass. 311, 315.

We think there was no error of law in the assessment of the damages. The net assets of the corporation as reported

to the Secretary of the Commonwealth amounted to $176,-719.07, and as shown by the books amounted to $191,297.99. Those figures, standing alone, would warrant a finding of an actual value much less than that found by the judge, and consequently a finding of larger damages. The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, 235. *Whitcomb* v. *Reed-Prentice Co.* 262 Mass. 348, 360. *Parker* v. *Levin,* 285 Mass. 125, 129. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 606, 607. The judge apparently found that some actual assets were not shown by the books. The defendants contend that he found assets of such value that, on his own findings, the liquidating value of each share must have been greater than that which he found. But we discover no such inconsistency as is alleged, and therefore no error in the assessment of damages. The findings for the plaintiff must stand.

2. The State Street Trust Company, claiming to be a creditor of the plaintiff Piper for a loan made for the purpose of buying the stock in question and secured by a pledge of the stock, filed a petition to be allowed to intervene and to receive any execution which may issue in favor of the plaintiff. This petition was heard by a judge other than the one who heard the actions for deceit, and was denied, subject to the exception of the petitioner. The petitioner alleges that the stock is worthless, but that the cause of action is equitably an incident or appurtenance of the stock pledged. Without discussing whether there is any basis for this contention, it is enough for the purposes of this decision to say that the rights of the petitioner cannot rise higher than those of an assignee of the cause of action holding an express assignment from Piper.

Intervention is possible in more than one class of cases. One common occasion for intervention arises when a court of equity has taken into its control property as to which the intervener claims a lien or other interest. In such a case the court has ancillary jurisdiction to determine, protect

and enforce the claim of the intervener. *Hoffman* v. *Mc-Clelland*, 264 U. S. 552, 558. *Fulton National Bank of Atlanta* v. *Hozier*, 267 U. S. 276, 280. *Central Union Trust Co. of New York* v. *Anderson County*, 268 U. S. 93, 96. *Stuart* v. *Sargent*, 283 Mass. 536, 539. In other cases there is a close connection between the object of the main suit and the claim which the intervener seeks to enforce. *Check* v. *Kaplan*, 280 Mass. 170, 177, 178. *Pearson* v. *Mulloney*, 289 Mass. 508, 514. But cases are not unknown in which, as in this case, an intervener seeks to assume control of the litigation and to prosecute it in the place of the original plaintiff. *Check* v. *Kaplan*, 280 Mass. 170. *Hallett* v. *Moore*, 282 Mass. 380. *Mulready* v. *Pheeny*, 252 Mass. 379.

An assignee of an assignable cause of suit may intervene for the purpose of assuming control of a bill in equity brought in the name of the assignor. *F. A. Manuf. Co. Inc.* v. *Hayden & Clemons, Inc.* 273 Fed. Rep. 374. *Arwshan* v. *Meshaka*, 288 Mass. 31. Substantially the same thing has long been done in actions at law, but without any necessity of making the assignee technically a party, for until recent statutes the assignee could not be a party. But his right, even against the objection of the assignor, to control the litigation and receive its fruits, has long been protected by the court of law in which the action is maintained in the name of the assignor. *Grover* v. *Grover*, 24 Pick. 261, 266. *Benson* v. *Whitney*, 12 Cush. 234. *Riley* v. *Taber*, 9 Gray, 372. *Walker* v. *Brooks*, 125 Mass. 241, 247, 248. *Pierce* v. *Boston Five Cents Savings Bank*, 125 Mass. 593. *Coffin* v. *Adams*, 131 Mass. 133, 136. *Troeder* v. *Hyams*, 153 Mass. 536, 538. *Heard* v. *Calkins*, 234 Mass. 526. *Brazill* v. *Green*, 236 Mass. 93, 97, 98. *Rogers* v. *Murch*, 253 Mass. 467, 470, 471. *Boston Heating Co.* v. *Middleborough Savings Bank*, 288 Mass. 433, 437. This has been done even where the assignment was not voluntary but was by operation of law. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46, and cases cited. *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 442, 443. *Murray* v. *Rossmeisl*, 284 Mass. 263, 267.

We assume that this is a case in which a petitioner for intervention, though denied admission as a party (*Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, 528), may take exceptions or appeal from the denial of leave to intervene, because the denial is destructive of the right claimed by the petitioner. *Check* v. *Kaplan,* 280 Mass. 170, 176, 179. *Credits Commutation Co.* v. *United States,* 177 U. S. 311, 315, 316. *United States* v. *California Cooperative Canneries,* 279 U. S. 553, 556. *Palmer* v. *Bankers' Trust Co.* 12 Fed. Rep. (2d) 747. *Rheinberger* v. *Security Life Ins. Co. of America,* 72 Fed. Rep. (2d) 147.

The difficulty with the claim for intervention in the present case is that Piper's cause of action for deceit is not assignable before judgment. G. L. (Ter. Ed.) c. 228, § 1, provides for the survival, among other actions, of those "for damage to real or personal property." In Massachusetts these words have been given "a narrow construction." *Erickson* v. *Buckley,* 230 Mass. 467, 472. *Cutter* v. *Hamlen,* 147 Mass. 471, 472, 473. *Bullowa* v. *Gladding,* 40 R. I. 147. In *Read* v. *Hatch,* 19 Pick. 47, 48, an action for deceit, Shaw, C.J., said, "It is contended that a false representation, by which one is induced to part with his property, . . . is a damage done to him in respect to his personal property. But we are of opinion that this would be a forced construction, and not conformable to the intent of the statute. If this were the true construction, then every injury by which one should be prevented from pecuniary gain, or subjected to pecuniary loss, would, directly or indirectly, be a damage to his personal property. But we are of opinion that it must have a more limited construction, and be confined to damage *done* to some specific personal estate, of which one may be the owner. A mere fraud or cheat, by which one sustains a pecuniary loss, cannot be regarded as a damage done to personal estate." The rule laid down in that case has been constantly followed in this Commonwealth. *Cutting* v. *Tower,* 14 Gray, 183. *Leggate* v. *Moulton,* 115 Mass. 552. *Cutter* v. *Hamlen,* 147 Mass. 471, 472, 473. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Houghton* v. *Butler,* 166

Mass. 547. *Wilkins* v. *Wainwright,* 173 Mass. 212, 213. *Jenks* v. *Hoag,* 179 Mass. 583, 586. *Rockwell* v. *Furness,* 215 Mass. 557. *Bailey* v. *Powell,* 239 Mass. 110, 113. *Wilson* v. *Grace,* 273 Mass. 146, 154. 76 Am. L. R. 409 *et seq.* In general, a cause of action which does not survive is not assignable, and this applies to an action for deceit. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 479. *American Woolen Co.* v. *Old Colony Trust Co.* 263 Mass. 321, 324. *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 566, 567; *S. C.* 93 Am. L. R. 1124. In the *American Woolen Co.* case, at pages 324, 325, it was said, "If the corporation [the assignor] has no power in law or equity to assign a claim for fraud by express agreement it cannot do so by implication of law — that is, by subrogation."

The conclusion that the petitioner for intervention has no interest in the cause of action for deceit, is consistent with the fact, admitted by all parties, that the actions are being prosecuted in the name of Piper by his trustee in bankruptcy for the benefit of the bankrupt estate. Under § 70a (6) of the bankruptcy act, the words "rights of action arising . . . from . . . injury to, his property" (U. S. C. Title 11, § 110*), have been construed broadly enough to include rights of action for deceit causing pecuniary loss, and to pass such rights to the trustee. *Manning* v. *Campbell,* 264 Mass. 386, 391. *In re Gay,* 182 Fed. Rep. 260. *Henderson* v. *Binkley Coal Co.* 74 Fed. Rep. (2d) 567. When different State statutes in substantially the same words are sometimes given different constructions (*Cormier* v. *Hudson,* 284 Mass. 231), it is not surprising to find that State and Federal statutes are construed differently, although their words are nearly alike.

> *Exceptions of State Street Trust Company*
> *overruled, with costs to the plaintiff.*
> *Judgment on the findings.*

---

\* 30 U. S. Sts. at Large, 566, § 70a (6).