WILLIAM H. CAMPBELL & another *vs.* RAYMOND E. SHEA.

Worcester.    September 28, 1954. — April 1, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence,* Relevancy and materiality; Of value; Opinion: expert. *Error,*
Whether error shown. *Practice, Civil,* Exceptions: whether error
shown; Requests, rulings and instructions. *Damages,* For tort.

At a trial limited to the question of the damages sustained by the plain-
tiffs as a result of being induced by the defendant's fraud and deceit to
purchase a restaurant business from him, evidence that one of the
plaintiffs had paid a mortgage on goods and chattels in the restaurant
signed by them and given to a third person to secure a loan partly used
to pay part of the purchase price was properly excluded as irrelevant.
[424]
On the issue of the value of a restaurant business with an all alcoholic
liquor license at a time when it was sold by the defendant to the plain-
tiffs, evidence of the weekly receipts of the business from the time it first
started to operate six and one half months before the sale to the time
of the sale was properly excluded where it appeared that during much
of that period the seller had been both operating a dining room and
dispensing liquor, but that the dining room had been closed a month
before the sale. [424–425]
No error appeared in the exclusion by a trial judge of questions put to
expert witnesses where the reason for the exclusion was not disclosed
by the record. [425]
There was no error in a trial judge's refusal to give in terms correct and
applicable instructions requested at a trial where the subject matter
thereof was dealt with adequately in the charge. [425]
In an action for deceit based on misrepresentations by the defendant in-
ducing a purchase of property from him by the plaintiff, it could not
properly have been ruled that the plaintiff suffered no damage if the
value of the property purchased was in fact at least as great as the pur-
chase price: the correct measure of damages was the difference between
the actual value of the property and the value it would have had if the
defendant's representations had been true. [425–426]

CONTRACT OR TORT by William H. Campbell. Writ in the
Superior Court dated January 3, 1947.

James C. Flanagan, Jr., was subsequently added as a
plaintiff.

Following a verdict for the plaintiffs and the granting of a new trial limited to the question of damages, the new trial was held before *Paquet,* J.

In this court the case was submitted on briefs.

*Francis T. Mullin,* for the defendant.

*Clarence E. Tupper,* for the plaintiffs.

COUNIHAN, J.   On July 29, 1946, the plaintiffs and the defendant entered into a written agreement for the purchase and sale of all of the capital stock of The Lido of Worcester, Inc., hereinafter called Lido, which conducted a restaurant with an all alcoholic liquor license in Worcester. The defendant was the owner of all of this capital stock. The sale was completed on August 9, 1946.   The plaintiffs alleged that they were induced to purchase said stock by reason of misrepresentations of the defendant regarding the earnings of Lido upon which they relied.   The action was originally tried to a jury who returned a verdict for the plaintiffs which thus established the liability of the defendant for fraud and deceit.   Upon motion the judge ordered a new trial to be limited to the question of damages only.   A new trial was had on this question and the jury returned a verdict for the plaintiffs in a substantial amount. The action comes here upon exceptions of the defendant taken at this trial.   These exceptions relate to the exclusion of certain evidence, the denial of requests for rulings,[1]

---

[1] "4.   If the jury finds that there is no difference in value between what the plaintiffs in fact received and what they would have received if the representations made had been true, then the plaintiffs have failed to prove any damages and they are entitled only to nominal damages.

"5.   If the jury finds that the value of the articles that the plaintiffs received were equal to the value of the articles that the plaintiff [s] would have received if the representations were true, then the plaintiffs are entitled only to nominal damages.

"6.   If the jury finds that the value of the capital stock of The Lido of Worcester, Inc., was Sixty Thousand ($60,000) Dollars at the time the representations were made, then the plaintiffs are entitled only to nominal damages.

"7.   If the jury finds that the fair value of the articles which the plaintiffs got was Sixty Thousand ($60,000) Dollars at the time the representations were made, the plaintiffs are entitled only to nominal damages.

"8.   The plaintiffs having made an agreement to purchase the outstanding shares of stock in The Lido of Worcester, Inc., for Sixty Thousand ($60,000) Dollars, they are entitled only to receive shares of stock in The Lido of Worcester, Inc., to the value of Sixty Thousand ($60,000) Dollars.

"9.   If the jury finds that at the time of the sale, the value of all of the outstanding capital stock of The Lido of Worcester, Inc., was Sixty Thousand

and the denial of the defendant's motion for a directed verdict. There was no error.

We need not pass upon the defendant's exception to the denial of his motion for a directed verdict since this question was not argued in his brief. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

We first consider the exceptions to the exclusion of evidence. During the course of the trial there was introduced in evidence a mortgage from Lido to Kane Discount Company of Boston on all of the goods and chattels of Lido in the sum of $34,500. The mortgage was signed by both plaintiffs as officers of Lido and also individually, and part of the $34,500 was used as part of the purchase price. Counsel for the defendant asked one of the plaintiffs if he had not paid the mortgage. Subject to the exception of the defendant the judge excluded this question although counsel offered to prove that the answer would be in the affirmative. We are of opinion that this question was properly excluded for it had no bearing upon the question of damages. Such payment was no evidence of ratification of the sale or waiver of fraud and deceit. The plaintiffs were free to pay off the mortgage to avoid personal liability. They could later seek damages from the defendant for fraud and deceit. Compare *Forman* v. *Hamilburg*, 300 Mass. 138, 142.

Subsequently the defendant was questioned about the weekly receipts of Lido from January 25, 1946, when it first started to operate, to August 8, 1946. The judge excluded

($60,000) Dollars or greater, then the plaintiffs can recover only nominal damages.

"11. If, notwithstanding the falsity of the representations, the things which the buyers acquired were of equal or greater value than the price paid, the buyers have suffered no loss and can recover only nominal damages.

"17. The certificates of condition signed by both plaintiffs and containing statements as to the value of the furniture and fixtures and statements as to the value of the good will are competent evidence as admissions by both plaintiffs as to the value of the furniture and fixtures and as to the value of the good will.

"18. In determining the value of the articles received, the jury can and should take in consideration the fact that the plaintiffs were able to obtain a mortgage from the Kane Discount Corporation upon the articles received in the face amount of Thirty-Four Thousand Five Hundred ($34,500) Dollars."

these questions and the defendant excepted. The judge in the course of a colloquy regarding the admission of this evidence said that he would permit the defendant to testify regarding weekly receipts of Lido for a period of five or six weeks immediately preceding the sale, but the defendant did not avail himself of this offer. Plainly the judge was right in excluding the offered evidence for it appears from other evidence that during much of the period about which he was questioned the defendant was operating a dining room as well as dispensing liquor. This dining room was closed on July 6, 1946, and any receipts from that source could have no bearing upon the value of the business on August 9, 1946.

Later the judge excluded certain questions put to two expert witnesses called by the defendant relating to the value of Lido on August 8, 1946. Without reciting the questions verbatim it is enough to say that the reasons for the exclusion of these questions do not appear in the record. The admission of questions to experts is ordinarily in the discretion of the judge and he will be reversed only if clearly erroneous as matter of law. *Murphy* v. *Chichetto*, 323 Mass. 11, 15. The reason for the exclusion of this evidence well might have been that the judge felt that a sufficient foundation for such questions had not been laid. The record would bear this out.

We now consider the exceptions to the refusal to give requested rulings of the defendant. A judge is not required "to instruct the jury in the terms of a requested instruction — even if it is correct as matter of law and applicable to the pleadings and the evidence — if the subject matter thereof is dealt with adequately in the charge." *Squires* v. *Fraska*, 301 Mass. 474, 476. *Palmer Russell Co.* v. *Rothenberg*, 328 Mass. 477, 482–483.

The measure of damages in an action such as this is "the difference in actual value between that which the plaintiff in fact got and that which he would have got if the representation had been true." *Piper* v. *Childs*, 290 Mass. 560, 562. *Leader* v. *Kolligan*, 262 Mass. 63, 65. *Forman* v.

*Hamilburg,* 300 Mass. 138, 143. Requests numbered 4 and 5 are correct in law and were given in substance in the charge. Requests numbered 6, 7, 8, 9, and 11 are not correct as matter of law in that they fail to apply the proper measure of damages. Request numbered 17 was given in substance even to the extent of quoting *Brackett* v. *Commonwealth,* 223 Mass. 119, at page 127. Request numbered 18 was fully covered in the charge in that the jury were instructed that they should consider all the evidence including the mortgage executed by the plaintiffs.

*Exceptions overruled.*