## SUMNER M. HANDY *vs.* ALLEN P. ALDRICH.

Suffolk.   January 21, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Construction of Written Agreement — Realty and Personalty — Breach of Warranty — Damages.*

The owners of a wharf entered into a written agreement with A., who held a lease from them of the wharf, that he should erect a building thereon, that they should contribute a certain sum towards its cost, the balance of the cost being borne by him, and that at the expiration of the lease, unless it should be renewed, or on its termination for any cause, the building should be appraised by appraisers selected as therein provided, and they should pay to him the same proportion of the appraised value that the amount paid by him towards the cost bore to the whole cost thereof.   The lease was not renewed at its expiration, but A. remained in possession of the premises as a tenant at will for over four years, when he sold and transferred to B. "the lease now held by me," and also the building erected by him on the wharf, subject to the terms and conditions contained in the lease and in the above named agreement, with certain qualified covenants of ownership of the property.   Three years later, B. and C. executed an agreement, by which B. sold and transferred to C. the building in question, and C. agreed that, in case the owners took the wharf for other purposes and compelled him to give up possession, he would pay to B. all sums received by him from them as indemnity for the building under their agreement with A. over and above the sum which he agreed to pay for the building; and this agreement contained covenants of ownership, of freedom from encumbrance, of right to sell, and of full warranty.   There was no appraisement of the building .at the expiration of the lease, or afterwards; but the owners of the wharf continued to receive rent from A., B., and C. successively, until the latter finally ·failed in business and surrendered the premises to them, of which they then ·took possession for the first time.   *Held,* in an action by C. against B. for breach of warranty, that there was a total failure of title to the building, which remained in the owners of the wharf; that B.'s liability under his warranty was not limited by the clause relating to indemnity; and that nothing appeared to reduce damages.

CONTRACT, for breach of warranty in the sale of a building in Boston.   At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

*W. F. Kimball,* for the defendant.

*J. W. Spaulding & R. W. Hunter,* for the plaintiff.

ALLEN, J.   The building in question was real estate from the time of its erection.   It was built by one Murch, under the fol-

lowing circumstances. On June 29, 1881, the Proprietors of
Liverpool Wharf entered into a written agreement with Murch,
who held a lease from them of Pearl Street Wharf, which was
to expire May 1, 1884, that he should erect a building thereon,
that they should contribute $1,000 towards its cost, the balance
of the cost being borne by him, and that at the expiration of the
lease, unless it should be renewed, or on its termination from any
cause, the building should be appraised by appraisers selected as
therein provided, and they should pay to him the same propor-
tion of the appraised value that the amount paid by him towards
the cost bore to the whole cost thereof. This showed clearly
that the title to the building was to be and remain in the Pro-
prietors of Liverpool Wharf, and that Murch was not to have
any right of removing it, but that he should have a certain right
of reimbursement in respect to the cost of it.

The lease expired May 1, 1884, and it would seem that it was
not renewed, but Murch remained in possession of the premises
as tenant at will; and on October 3, 1888, he sold and trans-
ferred to Aldrich, the defendant, " the lease now held by me,"
etc. ; " also the large wooden building constructed by me on the
Pearl Street Wharf," subject to the terms and conditions con-
tained in the lease, and in the agreement dated June 29, 1881;
with certain qualified covenants of ownership of the said goods
and chattels.

On January 27, 1892, Aldrich and Handy (the plaintiff) exe-
cuted an agreement together, by the terms of which Aldrich
sold and transferred to Handy " the following goods and chattels,
namely, the wooden building now situated on Liverpool Wharf,
Boston, and owned by me, comprising the long wooden building
on the north side of said Liverpool Wharf, and the small wooden
building on west side at head of said wharf, and I, the said
Allen P. Aldrich, do agree to protect the said S. M. Handy, his
heirs and assigns, in their possession of the said building. And
the said S. M. Handy does also agree that in case the owners of
the said Liverpool Wharf take the said wharf for other purposes
and compel the said S. M. Handy to give up possession thereof,
for the said taking of which the said owners of Liverpool Wharf
have agreed to pay an indemnity for the buildings thereon, as
set forth in a lease given to George O. Murch, the said S. M.

Handy does agree that all sums of money so received, over and above the two thousand dollars which he agrees to pay for said buildings, shall be paid over to said Allen P. Aldrich." Habendum to Handy, his executors, administrators, and assigns, with covenants of ownership of the said goods and chattels, and of freedom of encumbrances, and of right to sell, and with full warranty.

The lease to Murch contained no reference to indemnity. By the misrecital to that effect in the above agreement, it is probable that the agreement of June 29, 1881, was intended.

There was no appraisement of the building at the expiration of the lease, or at any later time. The Proprietors of Liverpool Wharf continued to receive rent from Murch till Aldrich took possession; they then received the rent from Aldrich till January 27, 1892, and after that time they received the rent from Handy, until he abandoned the premises; accepting Murch, Aldrich, and Handy, respectively, as their tenants. The treasurer of the proprietors testified that the buildings were not actually taken possession of by the company until about two or three years after the date of the bill of sale, Aldrich to Handy, when the buildings were abandoned by Handy because of his failure in business, and the company did not take possession of the buildings till they were surrendered to the company by him; that they took possession because he told them that he no longer cared to occupy the premises, and he gave them up; that previous to that time they made no claim whatever upon the buildings; and that after they took possession the plaintiff and the witness had a talk about the advisability of an appraisement, and the witness, as agent of the company, had a carpenter look at the buildings to get his idea of their present value.

It is obvious that neither Murch nor Aldrich nor Handy ever had any title to the building, and that nothing passed by the transfers by Murch to Aldrich, and by Aldrich to Handy. There was a total failure of title to the building, and, so far as that is concerned, the damages would properly be assessed on that basis. *Grose* v. *Hennessey*, 13 Allen, 389. *Watriss* v. *Cambridge National Bank*, 124 Mass. 571. *McIver* v. *Estabrook*, 134 Mass. 550.

The defendant, however, contends that his liability under his

warranty is limited by the clause. relating to indemnity, so that he transferred to the plaintiff only his right, title, and interest in the buildings. The written instrument does not admit of this construction. The agreements and covenants were full and clear, and imported an absolute title in Aldrich, and the warranty was also absolute.

The defendant suggests that there was some evidence that the company waived their rights of ownership of the buildings, and took initiatory steps towards an appraisement. We see no evidence of a waiver of ownership, or, in other words, of a transfer of their title to one or the other of their tenants. There was some evidence tending to show that the Proprietors of Liverpool Wharf waived the provision in their agreement with Murch as to the time of making the appraisement, and that at the time of his transfer to Aldrich he might have insisted on an appraisement and the reimbursement provided for in the agreement, and that he transferred this right to Aldrich, and that Aldrich transferred it to the plaintiff, and it is possible that it might have been made to appear that in equity the proprietors at the time of the transfer to the plaintiff were still bound to submit to such an appraisement, if the same had been demanded, and to make reimbursement accordingly. If the plaintiff had in fact received anything from the proprietors under such circumstances, no doubt the defendant would have been entitled to avail himself thereof by way of recoupment in this action, if this ground of defence had been pleaded. And if the plaintiff had so received from the proprietors more than two thousand dollars, not only would his present claim against the defendant have been wholly extinguished, but he would have been bound to pay over the surplus to the defendant. But there is no suggestion or pretence that he has ever received anything from the proprietors. No recoupment is pleaded, nor does the answer contain any ground of defence except a bare general denial. The defendant has not averred nor proved that the plaintiff failed to do anything which he was bound to do by way of prosecuting a claim for reimbursement against the Proprietors of Liverpool Wharf, or that he agreed to prosecute such claim; nor does it appear that any such claim could have been enforced by the plaintiff if he had prosecuted it. The case was not tried on the assumption that

any such ground of partial defence existed. There were no pleadings, no rulings, no requests for rulings, and no facts sufficient to present it. It could only be maintained, if at all, by showing that the plaintiff failed to receive money from the proprietors through some breach of duty towards the defendant, that is, through a failure to do something which he was bound to do for the benefit of the defendant. *Sawyer* v. *Wiswell*, 9 Allen, 39. No question of this kind is presented by the exceptions.                                    *Exceptions overruled.*