Rollins, J.
These two actions were tried together and by agreement the evidence in each case is to apply to the other.
For the sake of clearness and brevity the party Dorothy Spillane will be called the wife, James E. Spillane the husband and Harry Corey, the merchant.
The first action, Dorothy Spillane v. Harry Corey, was brought by the wife against the merchant. It is an action of tort, the wife alleging that the merchant had converted her sewing machine to his own use.
The second action, Harry Corey v. James E. Spillane, was brought by the merchant against the husband. It is an action of contract or tort. The declaration contains two *127 counts both for the same cause of action. The first count is in contract and sets forth that the husband sold the merchant a sewing machine, thereby warranting that he owned the same and had a good right to sell it, whereas in truth he did not own it but it was owned by the wife. The second count, which sounded in tort, alleged that the husband knowingly and falsely represented to the merchant that he owned the machine and had a good right to sell it, and that the merchant relying thereon purchased it and that the machine was owned not by the husband, but by the wife.
The trial judge made lengthy findings of fact, the material parts of which are as follows:
On July 31, 1947, in the absence of the wife, the husband went to the merchant’s store where the merchant sold new and used sewing machines and told him he owned a sewing machine he would like to sell. The merchant bought the machine for $60.00 and put it on the floor of his store for sale. On the wife’s return home she went to the store, saw her machine, told the merchant it was hers and offered to pay him $60 for it. The merchant refused to let her have it for $60.00 saying it was worth $179.00 and she could have it for that price. The merchant afterwards sold the machine to a third party for $179.00 and that was the fair market value of it. The trial judge found that the wife demanded the machine prior to bringing her action of conversion. He also found that the merchant employed an attorney to defend him in this conversion suit and that $50.00 was a fair and reasonable fee for his services.
In the suit of the wife against the merchant, no requests for rulings were filed. The Court found for the wife and assessed damages in the amount of $179.00.
In the second case, brought by the merchant against the husband, the merchant filed four requests for rulings, the first of which was allowed and the others denied. . The fourth request is:
*128 “(4.) If there is a finding in favor of Dorothy Spillane (the wife) in the other action, there must be a finding for the plaintiff (the merchant) in this action for at least the amount of the other finding, together with counsel fees incurred by the plaintiff (the merchant) in the other action and all loss and expense suffered by him and herewith connected. ’ ’
. The merchant claiming to be aggrieved by the assessment of damages, the findings, rulings and refusals to rule the case is reported to this Appellate Division for determination.
The first action, that of the wife against the merchant, •is not before us because no requests for rulings of law were filed.. Loanes v. Gast; 216 Mass. 197, 199.
.. In the second suit, that of the merchant against the husband, the question presented is what is the amount of damages to which the merchant is entitled? The merchant contends he is entitled to recover $179.00 plus special damages including the cost of employing an attorney to defend him in the conversion suit. The trial judge awarded him damages of $60.00 but did not specify whether such damages were awarded under Count 1 in contract or under Count 2 in tort. But the finding must be either in contract or in tort; it cannot be in both or unspecified. G. L. c. 231, § 7 provides in part as follows:
“(1) The declaration shall state to which division of actions specified in section one (contract, tort or replevin) the action belongs . . . (5) It (the declaration) may contain any number of counts for different causes of action which belong, to the same division of actions . . . (6) Actions of contract and actions of tort shall not be joined; but if it is doubtful to which division a cause of action belongs a count in contract may be joined with a count in tort, with an averment that both are for one and the same cause of action.”
*129 The foregoing provisions and other considerations compel the conclusion that before judgment can be entered it must appear that the finding of the Court is in contract or in tort. If the plaintiff does not make the election between contract and tort, and he is .not obliged to do so, then the matter must he determined by the Court.
The damages recoverable under Count 1 in contract, if the merchant is here entitled to recover under that Count, are the difference between what the merchant would have received if the husband had had title to the machine and a right to sell it, and what he actually did receive, which was nothing. This difference is $179.00. G. L. c. 106, § 58 (6); Grose v. Hennessey, 13 Allen 389, 390; Handy v. Aldrich, 168 Mass. 34, 36.
There is no merit in the merchant’s contention that he is also, as a matter of right, entitled to recover special damages including counsel fees. McCarthy v. Brockton National Bank, 314 Mass. 318, 328. G. L. c. 106, § 59, cited by the merchant as an authority for this proposition merely provides: “Nothing in this chapter shall affect the right of the buyer or of the seller to recover interest or special damages in any case where by law recoverable.”
If however the merchant- must recover under Count 2 in an action of tort for deceit, his damages will be the pecuniary loss suffered as a consequence of his reliance upon the misrepresentation of the husband. This is $60.00. Restatement of the Law of Torts, § 549 (b); McCarthy v. Brockton National Bank, supra, at page 327.
The fact that he would have made a profit if the representation had been true does not entitle him to recover for his disappointment in not receiving the gain which he was led to expect. Restatement of the Law of Torts, supra.
If the fraudulent representation is so made as to constitute a warranty, the person acting in reliance upon it may *130 of course waive the fraud and bring an action on the warranty, in which case the measure of damages is that appropriate to a warranty. But the merchant never waived the fraud.
, The measure of damages in an action of tort for deceit is not the same as in an action of contract for breach of warranty as contended by the merchant. The two correct rules of damages are as above set forth. It is true the damages may happen to be the same in some circumstances as for instance upon the facts in the case of Tuttle v. Brown, 4 Gray 457, cited by the merchant.
Applying the foregoing principles it is evident that the finding of the trial judge for the merchant in the sum of $60.00 was made under the second count in tort for deceit and that the finding was for the correct amount.
The general finding of the judge must stand if warranted upon any rational view of the evidence. Herman v. Sadolf, 294 Mass. 358, 360; Markiewicus v. Town of Methuen, 300 Mass. 560, 565.
Since the merchant did not elect to proceed under Count 1 or to waive Count 2, he cannot now complain if the finding is made under Count 2.
The Beport discloses no prejudicial error and in the action of Harry Corey v. James E. Spillane, the order must be Beport dismissed.