## DOROTHY SPILLANE *vs.* HARRY COREY
## (and a companion case [1]).

Plymouth.    December 8, 1948. — February 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Sale,* Warranty.  *Deceit.  Damages,* For breach of contract, For tort.

One, who, not having in fact any title to or right to sell a machine but
    falsely representing that he did have such right and title, purported
    to sell the machine for a price substantially less than its value, was
    liable to the purported buyer both for breach of warranty and for
    deceit; and for either cause of action, upon proper pleading, the dam-
    ages were the same, namely, the value of the machine and also reason-
    able counsel fees incurred by the purported buyer in unsuccessfully
    defending an action for conversion brought against him by the true
    owner of the machine.

TORT.  Writ in the District Court of Brockton dated
October 1, 1947.  Also an action of

CONTRACT OR TORT.  Writ in the same court dated Octo-
ber 8, 1947.

The actions were heard together by *Coughlin, J.*

In the first action the judge found for the plaintiff in the
sum of $179.

In the second action the judge denied requests by the plain-
tiff for the following rulings: "2. The plaintiff is entitled
to recover as damages the amount of the finding against
him in the case of Dorothy Spillane *vs.* Harry Corey . . .
plus a reasonable counsel fee for defending said action to-
gether with any other loss or expense he may have suffered
as a result of the defendant's breach of warranty or deceit."
"4. If there is a finding in favor of Dorothy Spillane in the
other action . . . there must be a finding for the plaintiff
in this action for at least the amount of the other finding
together with counsel fees incurred by the plaintiff in the
other action and all loss and expense suffered by him and

[1] The companion case is that of Harry Corey against James E. Spillane.

herewith connected." There was a finding for the plaintiff in the sum of $60.

In each case a report was ordered dismissed by the Apellate Division for the Southern District, and Corey appealed.

*L. H. Miller*, for Corey.

*E. L. Markella*, for James E. Spillane, submitted a brief.

QUA, C.J. These cases were tried together in the District Court of Brockton and were reported to the Appellate Division in a single report which recites facts as such and not merely the evidence from which facts could be found. We treat the facts so stated as established. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 165–166. See *Detore* v. *Demers Bros. Inc.* 312 Mass. 531, 534.

Dorothy Spillane, the plaintiff in the first action, is the wife of James E. Spillane, the defendant in the second action. The wife owned a sewing machine worth $179. Corey, the defendant in the first action and the plaintiff in the second, was a dealer in sewing machines. While the wife was visiting in Connecticut, the husband falsely represented to Corey that he was the sole owner of the machine and had a right to sell it, and finally he purported to sell it to Corey for $60. Corey paid the money to the husband and took the machine. Later the wife demanded the machine from Corey and offered to pay him the $60 that he had paid to her husband. Corey refused to return the machine unless she would give him $179, its value. The wife thereupon brought the first action against Corey in tort for conversion of the machine. Corey then brought the second action against the husband, in contract or tort, alleging in his first count breach of warranties of title, against encumbrances, and of right to sell, and in his second count deceit, with a claim in each count to recover special damages for attorney's fees which he was obliged to pay to defend the first action. Fifty dollars was a fair and reasonable price for the services of the attorney.

In the first action the trial judge found for the wife against Corey in the sum of $179. In the second action he found for Corey against the husband in the sum of $60. The Appellate Division dismissed the report in each action. In the first action no requests for rulings were made, nor

was a report requested, as to any specified ruling of law. The appellant Corey has not argued this action before us. If the report in this action brought any question here (see *Barton* v. *Cambridge*, 318 Mass. 420, 423–424, and cases cited), the appellant has waived it. The disputed issues arise in the second action.

In the second action it would seem, on the facts stated, that the husband as seller of the machine expressly warranted his title and his right to convey the machine to Corey as the buyer. G. L. (Ter. Ed.) c. 106, § 14. If he did not so expressly warrant, he gave implied warranties of substantially equal extent. G. L. (Ter. Ed.) c. 106, § 15. These warranties were totally broken as soon as given. The husband had no title and no right to convey. Corey received no title whatever. The measure of Corey's damages was "the loss directly and naturally resulting, in the ordinary course of events, from such breach." G. L. (Ter. Ed.) c. 106, § 58 (6). The first item in such damages is the value of the property, that is, $179, which Corey lost by not receiving a title to it as warranted. *Grose* v. *Hennessey*, 13 Allen, 389. *Handy* v. *Aldrich*, 168 Mass. 34, 36. His loss cannot be measured by the $60 that he paid for the machine. He is entitled to the benefit of his bargain, which so far as appears was made without fraud on his part, even though he may have driven a hard trade.

The same rule would apply on the tort count, since in this Commonwealth the plaintiff is equally entitled to the benefit of his bargain in an action for deceit. *Stiles* v. *White*, 11 Met. 356, 358. *Whiting* v. *Price*, 172 Mass. 240, 242–243. *McKinley* v. *Warren*, 218 Mass. 310, 314. *Goodwin* v. *Dick*, 220 Mass. 556. *Leader* v. *Kolligan*, 262 Mass. 63, 65. *Piper* v. *Childs*, 290 Mass. 560, 561–562. *Forman* v. *Hamilburg*, 300 Mass. 138, 143. *Ceder* v. *McCarthy*, 320 Mass. 618, 619–620. Compare *Kilgore* v. *Bruce*, 166 Mass. 136, and *McCarthy* v. *Brockton National Bank*, 314 Mass. 318, where the circumstances were different, and the representations did not relate to the attributes of any property sold. The rule of the Restatement of Torts, § 549 (a), is not the law in this Commonwealth, as the

cases just cited sufficiently show. It follows that no question of election between counts, which seems to have bothered the Appellate Division, could arise. Moreover, G. L. (Ter. Ed.) c. 231, § 7, Sixth, as appearing in St. 1939, c. 67, § 1, provides that the plaintiff shall not be required to elect between tort and contract. *Vieira* v. *Menino*, 322 Mass. 165, 167. And besides, recovery for breach of warranty can be had in tort as well as in contract. *Schuler* v. *Union News Co.* 295 Mass. 350, 352–353.

And we think that Corey is also entitled to recover the reasonable counsel fees paid by him in defending the title which the husband had falsely warranted and represented to be good. This expense was an additional "loss directly and naturally resulting, in the ordinary course of events," from the false representations and breach of warranty. G. L. (Ter. Ed.) c. 106, § 58 (6). It was "special damages" the right to recover which was preserved by § 59. It falls within § 549 (b) of the Restatement of Torts. See *Peak* v. *Frost*, 162 Mass. 298; *Richmond* v. *Ames*, 164 Mass. 467, 475; *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 445–450; *Berry* v. *Ingalls*, 199 Mass. 77, 80; *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 183–184; *Malloy* v. *Carroll*, 287 Mass. 376, 384–386, and cases cited; *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529, 533. Cases in which no question of special damages arose are not authorities to the contrary. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 450.

In the first case the order of the Appellate Division dismissing the report is affirmed. In the second case the order of the Appellate Division is reversed, and judgment is to be entered for the plaintiff for $229 and interest from the date of the writ.

*So ordered.*