van Gestel, J.
This matter comes before the Court on an application by the plaintiff, Renaissance Worldwide, Inc. (“Renaissance”), for a second assessment of damages. The first assessment occurred on February 27, 2001, on Count I only. This second assessment is sought on the remaining Count II.

BACKGROUND

The analysis here must begin with an examination of the complaint itself. Count I charges a breach of a licensing agreement by the defendant, Gentia Software, Inc. (“Gentia”), through its failure to pay certain royalties when due.
Count II incorporates the allegations of failure to pay royalties that supported Count I. It then recites that the “acts and omissions of Gentia alleged in this complaint occurred primarily and substantially in Massachusetts. Such acts and omissions, including the non-payment of royalties that Gentia admits are owing, constitute willful and knowing violations of Mass. Gen. Laws c. 93A.” (Emphasis in original.) It seems clear, therefore, that the c. 93A claim in Count II is really just an alternate theory of recovery under the licensing agreement.
The licensing agreement, attached as Exhibit A to the complaint, contains the following capitalized language in Section 15 thereof:
IN NO EVENT SHALL EITHER PARTY HERETO HAVE ANY LIABILITY, OBLIGATION OR RESPONSIBILITY FOR ANY INDIRECT, INCIDENTAL, CON-
SEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES . . . ARISING IN ANY WAY IN CONNECTION WITH THIS AGREEMENT . . .
Section 9.4 of the licensing agreement provides that “(e]ach party’s rights and obligations under Sections . . . 15 . . . shall survive expiration or termination of this Agreement.”
On December 19, 2000, no appearance, answer or motion having been filed by Gentia, Renaissance filed a request for a default pursuant to Mass.R.Civ.P. Rule 55(a). A default issued on January 8, 2001, and remains in place as of this time. Indeed, the default on Count II was reaffirmed in this Court’s Memorandum and Order of May 17, 2001.
DISCUSSION
“In at least one very early case we held, to phrase it in modern terms, that a default judgment cannot be entered on a complaint that fails to state a claim for relief. Hemmenway v. Hickes, 4 Pick. 497, 499-500 (1827).” Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 833 (1978). The SJC then went on to analyze its ancient holding and found it sound. Id. at 834-35. Much more recently, the Appeals Court also spoke on the subject. See Marshall v. Stratus Pharmaceuticals, Inc., 98-P-1508 (Appeals Court, May 25, 2001). With this introduction, the Court turns to Count II to discern whether it states a claim for relief here.
As noted above, the c. 93A claim is merely an alternative theory of recovery under the licensing agreement. Consequently, the limitations on liability contained in the licensing agreement are enforceable so as to bar certain remedies against Gentia under G.L.c. 93A. Canal Electric Co. v. Westinghouse Electric Corp., 406 Mass. 369, 377-79 (1990).
The limitations in the licensing agreement bar claims for special and exemplary damges. Attorneys fees are special damages, Spillane v. Corey, 323 Mass. 673, 676 (1949), and multiple damages are exemplary. McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 717 (1990). Consequently, neither the c. 93A relief of multiple damages nor attorneys fees would be available here.
Under the particular circumstances before the Court in this case, the plaintiffs c. 93A claim in Count II cannot be found to state a claim for relief that would provide a basis for any judgment, even with Gentia in default.

ORDER

For the foregoing reasons this Court rules that the plaintiff can take nothing on Count II and, therefore, orders the entry of final judgment dismissing that count.