NATHANIEL W. TURNER & another *vs.* RUFUS F. M. AT-
WOOD.

Suffolk.    March 19. — May 3, 1878.    AMES & MORTON, JJ., absent.

The declaration in an action, described in the writ as tort or contract, alleged in sub-
stance that the plaintiff was applied to by the defendant to sell him certain goods
and perform for him certain labor in fitting up the defendant's place of business;
that, at the time, the defendant represented that he was a man of property, that
he had a large amount of ready cash, that he owned a large amount of real estate,
and that he would pay for the goods and labor in cash in thirty days after the
goods had been delivered and the labor performed; that the plaintiff, relying upon
these representations, furnished the goods and performed the labor, which were
specified in an account annexed, to a certain amount; that, after the goods had
been delivered and the labor performed, the plaintiff requested of the defendant
payment of the account, and the latter, representing that he was temporarily
embarrassed and that it was inconvenient for him to pay the account in cash,
offered to give the plaintiff a note, which he represented would be paid at matu-
rity, at the same time repeating the representations in regard to his property and
his ability to pay; that the plaintiff, relying upon these representations, took the
note, which was not paid at maturity; that the defendant, at the time of his pur-
chase of the plaintiff, and at the time when the representations were made, was
insolvent, which was known to the defendant; and that the defendant made the
representations for the purpose of defrauding the plaintiff, all of which was well
known to the defendant, but by him concealed from the plaintiff. *Held*, that the
declaration, not being demurred to, was a sufficient foundation for a judgment;
and that, under the U. S. Rev. Sts. § 5117, the cause of action was not barred by
the discharge of the defendant in bankruptcy.

THE WRIT in this case, dated March 18, 1876, described the
action as tort or contract.    The declaration was as follows:
" And the plaintiffs say that on or about September 11, 1875,
they were engaged in business as dealers in gas fixtures, chande-
liers, &c., at Nos. 27 and 29 Bromfield Street, in Boston, and
had a well established and large business at their said place of
business.    That on said day the defendant applied to them to
purchase certain gas fixtures, chandeliers, &c., to be put into a
restaurant at No. 19 Tremont Street in Boston, and requested
the plaintiffs to do the work necessary to the hanging of the
chandeliers, and to furnish all the piping and necessary parts
and implements for the complete hanging and fitting of said
rooms with gas fixtures, chandeliers, &c.    And the defendant
represented to the plaintiffs that he was a man of property, that
he had a large amount of ready cash, that he owned a large

amount of real estate, and that he would pay for said merchandise, and for all labor done and performed by the plaintiffs, in cash, in thirty days after the said merchandise had been delivered, and the said labor necessary to the complete adjustment of said fixtures and chandeliers had been performed by the plaintiffs. And the plaintiffs, relying upon such representations, furnished to the defendant material and labor specified in the account hereto annexed, which is made a part of this declaration.

" And the plaintiffs further say that thereafter, on or about November 1, 1875, after said merchandise had been delivered, and said labor had been performed, they called upon the defendant for a settlement of said account; and the defendant then and there represented that he was temporarily embarrassed by the expenditure of a large amount of money upon the premises at the said 19 Tremont Street, and that it was not convenient for him to pay said bill in cash, but that he would give to the plaintiffs a note for the amount of said bill on four months from said November 1, which note should be paid at maturity; the defendant then and there repeating, as hereinbefore set forth, that he was a man of large means; that he was owner of real estate in New York and New Jersey, and that he would pay for the merchandise delivered and the labor performed. And the plaintiffs, relying upon said representations, received from the defendant his note for the sum of five hundred and fifty-seven dollars, dated November 1, on four months, payable to the order of the plaintiffs, which note the plaintiffs continued to hold as their own property until the maturity thereof, when the defendant refused and neglected to pay the same, and has never yet paid it or any part thereof; nor has he paid for said merchandise or labor, or any part of the same. And the plaintiffs aver that the defendant, at the time of the purchase of said merchandise, was insolvent, all of which was well known to the defendant; that the defendant, for the purpose of deceiving the plaintiffs, and obtaining the plaintiffs' property without consideration, falsely and fraudulently represented to the plaintiffs that he was a man of property, when, in truth and in fact, the defendant was insolvent, all of which was well known to the defendant - and that the defendant made said representations for the pur-

pose of defrauding the plaintiffs, all of which was well known to the defendant, but by the defendant concealed from the plaintiffs." The account annexed set forth the items of the materials and labor furnished, amounting in all to $557.

Answer: 1. A general denial. 2. A discharge in bankruptcy granted September 12, 1876, from all debts and liabilities existing March 29, 1876. The plaintiffs demurred to the answer, and assigned as a cause of demurrer that, under the provisions of the U. S. Rev. Sts. § 5117, the discharge in bankruptcy was not a bar to this action, "for the reason that property was obtained from the plaintiffs by false and fraudulent representations."

By the consent of parties, the case was reserved by *Dewey*, J., for the determination of this court. If the demurrer was sustained the case was to stand for trial; otherwise, judgment was to be entered for the defendant.

*E. P. Brown*, for the plaintiffs.

*A. Russ*, for the defendant.

SOULE, J. This action is founded on alleged false representations by the defendant as to the amount and character of his property, by which the plaintiffs were induced to sell him certain merchandise and perform for him certain labor. The declaration is not skilfully framed, but it was not demurred to, and we are of opinion that it is sufficient foundation for a judgment. The defendant having pleaded a discharge in bankruptcy, the plaintiffs demur to the answer, on the ground that the property was obtained from the plaintiffs by false and fraudulent representations, and that the action is not barred by the discharge. The demurrer is good.

By the U. S. Rev. Sts. § 5117, debts created by fraud of the bankrupt are excepted from the operation of the discharge. The plaintiffs' action proceeds wholly on the theory that they were led to part with their property by the false representations of the defendant made for the purpose of deceiving them and inducing them to part with it. If they fail to establish this fact, the action falls. If they prove it, they show an intentional and deliberate fraud on the part of the defendant, such as the exception in the statute is intended to reach. The case is within the principle applied in *Morse* v *Hutchins*, 102 Mass. 439, where

a discharge in bankruptcy was held not to be a bar to an action for deceit in making false and fraudulent representations touching the business and profits of a firm of which the defendant was a member, and thereby inducing the plaintiff to buy his interest in the stock and good will of the firm.

The plaintiff's demurrer is sustained; and, in accordance with the terms of the report, the action must          *Stand for trial.*