ALFRED C. GAUCHER & another *vs.* HYMAN SOLOMON & another.

Worcester.    April 7, 1932. — May 20, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & SANDERSON, JJ.

*Deceit. Evidence,* Competency.

False statements concerning the market value of property are matters of opinion, judgment, or seller's talk, and properly were excluded when offered as evidence in an action of tort for deceit founded on alleged false representations in inducing a purchase of real estate by the plaintiff.

TORT for deceit. Writ dated May 9, 1925.

In the Superior Court, the action was tried before *C. H. Donahue,* **J.** Material evidence is stated in the opinion.

The judge ordered a verdict for the defendant Ida Solomon. The jury found for the defendant Hyman Solomon. The plaintiffs excepted to the exclusion of certain evidence, described in the opinion. The only other exception saved by the plaintiffs was as follows, stated in the language of their counsel:

"I want to except to that portion of the charge which said that it is not a question of the equities of the trade or who got the best of the trade, and that the issue of the market value is not in issue in this case; the question of the representation of the market value is not in issue in this case; 'that it is out of it, I rule as a matter of law.' That portion of the charge the plaintiff excepts to, also."

The judge reported the action for determination by this court.

*C. E. Tupper*; (*F. B. Hall* with him,) for the plaintiffs.

*J. F. McGrath*, (*M. Cohan* with him,) for the defendants.

CROSBY, J. This is an action of tort to recover damages for alleged false representations made by the defendants to the plaintiffs as to the fair market value of certain real estate situated on Canterbury Street, in Worcester, and for alleged false representations as to the sum for which the first floor of the real estate was rented. By the terms of a written agreement entered into on February 9, 1925, between the male plaintiff and the male defendant the plaintiff agreed to sell to the defendant certain real estate on Lagrange Street, in Worcester, and the defendant agreed to sell to the plaintiff the property on Canterbury Street above referred to. One Cottrell, a real estate agent, was the broker for both parties in the exchange of properties. The case was tried before a judge of the Superior Court and a jury. At the close of the evidence the judge ordered a verdict for the defendant Ida Solomon, and submitted to the jury the case against the defendant Hyman Solomon, and a verdict in his favor was returned. The case is before this court upon a report of the judge which contains all the evidence material to the questions raised by the plaintiffs' exceptions.

Alfred C. Gaucher, who will hereinafter be referred to

as the plaintiff, testified that Hyman Solomon, who will hereinafter be referred to as the defendant, told him that he, the defendant, had been in the real estate business long enough "to know what it was" and that the Canterbury Street property was worth $18,000 and that he could get that amount for it, that he had dealt in real estate some time and knew what he was talking about; that at the registry of deeds on February 11, 1925, when the deeds were recorded the defendant told him that the rent of the first floor of the Canterbury Street property was $60 a month; that a few days after the transfer the plaintiff and his wife were told by the tenant of the first floor that he was paying $45 a month; that before the agreement was entered into he and his wife talked with the tenant, but did not inquire of him about the rent of the first floor although they had an opportunity to do so; that neither of the defendants was present at this time; that after the plaintiffs learned from the tenant that the rent was $45 a month the plaintiff did not communicate with the defendant about it; that the statement of the defendant as to the rents of the property induced the plaintiff to buy it.

The plaintiff Caroline Gaucher testified that the defendant told her in her house that the property was well worth $16,000, and after the agreement was signed he told her that the market value of the property was $18,000; that she believed the defendant's statement made on the day the deeds were passed as to the rental of the first floor being $60 a month, and depended upon it; that the first time she heard about the rents was at the registry of deeds; that she and her husband talked with the tenant, but did not ask about the rents; that the first time anything was said about rents was after the deeds were recorded. During her examination by her counsel he proposed to ask her the following question: "Did you rely upon the statement made by the defendant, Hyman Solomon as to the market value of the property of $18,000 the Canterbury Street property?" Counsel stated that he offered to show that the answer would be in the affirmative. The offer of proof was excluded subject to exception. Her counsel then stated,

"And that that statement by the defendant induced her with other statements to purchase the property." This offer was also excluded subject to exception. Counsel then offered to show by the male plaintiff that he relied upon the statements of the defendant as to the market value of the property. This offer was excluded and the plaintiffs excepted.

All these offers of proof were rightly excluded. It has long been settled that false statements concerning the market value of property are held to be matters of opinion, judgment, or seller's talk, and do not afford any ground for a claim of damages either in an action for false representations, or by way of recoupment in an action to recover the purchase money. *Brown* v. *Castles,* 11 Cush. 348. *Gordon* v. *Parmelee,* 2 Allen, 212. *Mooney* v. *Miller,* 102 Mass. 217. *Dawe* v. *Morris,* 149 Mass. 188. *Lynch* v. *Murphy,* 171 Mass. 307. It was said in *Mabardy* v. *McHugh,* 202 Mass. 148, at page 151: "A purchase and a sale of real estate is a transaction of importance and cannot be treated as entered into lightly. People must use their own faculties for their protection and information, and cannot assume that the law will relieve them from the natural effects of their heedlessness or take better care of their interests than they themselves do . . . It is an ancient and widely, if not universally, accepted principle of the law of deceit that, where representations are made respecting a subject as to which the complaining party has at hand reasonably available means for ascertaining the truth and the matter is open to inspection, if, without being fraudulently diverted therefrom, he does not take advantage of this opportunity, he cannot be heard to impeach the transaction on the ground of the falsehoods of the other party." In the case at bar if the plaintiffs considered the question of the amount of the rental of the first floor of the building to be of importance they could easily have ascertained the fact by making inquiry of the tenant before they purchased the property. The plaintiff testified that he and his wife talked with the tenant before the agreement was signed, but did not inquire about the rent although they had ample

opportunity to do so. The questions whether the defendant made a false representation to the plaintiff respecting the amount for which the first floor was rented, and if such representation was made the plaintiff relied on it were rightly left to the jury, who found for the defendant.

The exceptions to the exclusion of evidence and to the ruling that the representation of the market value of the property was not an issue in the case must be overruled for the reasons above stated. The instructions of the judge upon the issues involved at the trial were full and accurate. Since the exception to the allowance of the motions of the defendant Ida Solomon for a directed verdict in her favor against each plaintiff was waived in open court no discussion of it is necessary. In accordance with the terms of the report, judgment is to be entered for the defendants on the verdicts.

*So ordered.*