CAMILLO SPIRITO *vs.* MICHAEL CAPAR.

Norfolk. April 7, 1958. — May 1, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil*, Auditor: findings, report of evidence; Case stated.

The report of an auditor whose findings are final is in effect a case stated, and it is the duty of the trial court to enter the correct judgment on the facts reported.

Evidence reported without an order of court by an auditor whose findings were final had no standing and was not considered by this court on appeal from an order for judgment on the auditor's report.

CONTRACT. Writ in the Superior Court dated February 4, 1955.

The action was heard by *Donahue*, J., on an auditor's report.

*Edward F. Connor*, (*Angelo D. Spirito* with him,) for the plaintiff.

*George L. Wainwright*, for the defendant.

SPALDING, J. An auditor, to whom this action of contract was referred and whose findings were to be final, found the following facts: The plaintiff and the defendant entered into an agreement whereby the plaintiff, for a period of one year, was to remove sand and gravel from the defendant's property. The plaintiff agreed to cut down trees and level

the small knoll and the large hill on the westerly side of the defendant's property. The plaintiff further agreed to use part of the fill to fill in a pond on the front of the defendant's property. For all other sand and gravel removed from the defendant's property the plaintiff was to pay the defendant seven cents a yard. In order to enter the defendant's property and carry out the agreement it was necessary for the plaintiff to build a temporary road and clear the trees, and the plaintiff assumed this obligation in the agreement. The plaintiff failed to complete the work he had agreed to do and the defendant, with justification, terminated the agreement. There was a finding for the defendant.

Both the plaintiff and the defendant moved for judgment on the auditor's report. The plaintiff's motion was denied and the defendant's motion was allowed. The plaintiff appealed. There was no error.

The auditor's report was in effect a case stated. It was the duty of the judge to enter the correct judgment on the facts contained in the auditor's report. *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 315. While the subsidiary findings of the auditor are very meager, they are sufficient to support his ultimate finding for the defendant.

The plaintiff argues that the auditor made subsidiary findings, other than those recited above, which are inconsistent with his ultimate findings. It is true that the report contains several pages of material which might at first blush appear to be subsidiary findings. But an examination of these recitals, together with the fact that the auditor designated the portion of the report summarized above as his "finding," convinces us that they amounted to no more than a summary of the evidence. This was highly irregular. In the absence of an order of the court — and there was no such order here — an auditor should not report evidence; his duty is to find facts. *Lombardi* v. *Bailey,* 336 Mass. 587, 590. See *Jameson* v. *Hayes,* 250 Mass. 302, 306–307; *Joyner* v. *Lenox Savings Bank,* 322 Mass. 46, 57–58. Accordingly, we have considered the case on the findings alone.

*Order for judgment affirmed.*