*Municipal Court of the City of Boston*

No. 455281

**HOUSEHOLD FINANCE CORPORATION**

**v.**

**EDWARD T. GOODMAN**

(June 6 — October 22, 1958)

*Present*: Lewiton J. (Presiding), Roberts and Shamon, JJ.

Case tried to *Adlow, C.J.,* in the Municipal Court of the City of Boston.

*Shamon, J.* Action of contract or tort in two counts. Count one alleges the defendant obtained the sum of $446.58 by false pretenses and representations. Count two alleges the defendant secured the sum of $446.58 from it by means of a promissory note signed by him, but which was loaned to him by reason of the false pretenses and representations made to the plaintiff by the defendant inducing the loan. In addition to the plea of general denial and payment, the defendant's answer set forth that he was adjudicated a bankrupt; that the plaintiff's claim was properly listed in the bankruptcy schedules filed by him; that the claim is one that is dischargeable in bankruptcy; that neither the plaintiff nor its representative objected to the discharge; and that the defendant was discharged in bankruptcy and therefore owes the plaintiff nothing.

Permissible findings indicated that the note representing the loan to the defendant was dated August 10, 1956 and was made after the defendant orally represented his financial condition to the plaintiff; that these repre-

sentations, although written down by the plaintiff in a formal application, preceding said loan to the defendant, was not signed by the defendant. The only evidence of any representations of the defendant's financial condition prior to and at the time of the loan to him was that they were made orally.

It was found that the plaintiff filed a petition in bankruptcy on February 26, 1957 in the United States District Court for the District of Massachusetts. There was evidence showing that prior to August 10, 1956 the defendant owed his creditors an amount far in excess of the amount represented to the plaintiff at the time he secured the loan, and that the plaintiff relied on the oral statements as to the defendant's financial status, without which representations the loan would not have been granted. The defendant presented no evidence and rested on the plaintiff's case.

At the close of the evidence the plaintiff filed the following Requests for Rulings:

"1. The evidence is sufficient to warrant a finding for the plaintiff.

2. The evidence is insufficient to warrant a finding for the defendant.

3. Upon all the evidence the finding should be for the plaintiff and the plaintiff submits that the defendant's discharge in bankruptcy does not affect the debt owed by him to the plaintiff since it is a liability for obtaining money or property by false pretenses and false representations. 11 USC c. 3, §35 (17).

4. Section Fourteen of the United States Code, Title 11, c. 3, §32, which reads in part; "The Court shall grant the discharge unless satisfied that the bankrupt has — (3) obtained money or property on credit, or obtained an extension

or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition"; 11 USC, c. 3, §35 (17) which reads in part, "a. A Discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as — (2) are liabilities for obtaining money or property by false pretenses or false representations", — are separate and distinct remedies available to creditors against their debtors who have filed petitions in bankruptcy, said sections serving two different purposes, and should not therefore be construed in connection with one another.

5. One who obtains money or property by false pretenses or false representations even though orally made and not in writing is not released from liability on his debt and his discharge in bankruptcy shall be no defense to an action brought for recovery thereof.

6. If the Court finds as a fact that the defendant obtained a loan from the plaintiff and that the plaintiff parted with money or property in reliance upon and belief in the truth of certain oral representations of fact relating to the defendant's financial condition, when in fact the said money or property was obtained by false pretenses or false representations even though orally made and not in writing, then the Court should rule as a matter of law — that the debt in question is not affected by the defendant's discharge in bankruptcy.

7. False pretenses or false representations made by a person in obtaining money or property need not be in writing in order for the debt for said money or property to be unaffected by a discharge in bankruptcy.

8. A discharge in bankruptcy shall not release a bankrupt from his liability on a debt which was incurred and obtained by false pretenses or false representations orally made.

9. The evidence is sufficient to warrant a finding that the plaintiff was damaged by the defendant's false pretenses and false representations.

10. The plaintiff is entitled to recover not only what it has lost but what it would have realized from the transaction had it been as represented. *Forman v. Hamilburg*, 300 Mass. 138, 143.

11. The plaintiff may sue on the contractual obligation, where money or property has been obtained by false pretenses and false representations."

The court declined to rule on any of the requests, but stated that, "I decline to pass on these rulings as I have indicated in my findings of fact the legal rule on which I have predicated my findings for the defendant."

# The court made the following findings and rulings:

"I find that the defendant obtained money and/or property by false pretenses and false representations that were not in writing; that the plaintiff made said loan and accepted the defendant's promissory note in reliance upon and belief in the truth of certain oral representations of fact which the defendant made to the plaintiff, including a representation that he, the defendant, at the time of this loan had no other debts than those aggregating $368.36, when in fact he had debts far in excess of the amount stated.

However, I have construed subsection 17 of the U. S. Code, Title 11, Chapter 3, Sec. 35 in connection with subsection 14 of the same section of the U. S. Code and have denied plaintiff recovery by reason of the discharge in bankruptcy of the defendant. I further rule that this is a debt which does not come within the meaning of subsection 17 aforesaid since the false pretenses and false representations were not in writing.

I find that the statements made by the defendant were materially false but since they were not made in writing, the

debt is unenforceable by reason of the defendant's discharge in bankruptcy.

I find for the defendant."

The single issue presented is whether a discharge in bankruptcy releases a bankrupt from a debt incurred by means of false representations if such false representations were oral. In other words, must the false representations be in writing in order to subject the bankrupt to liability regardless of the discharge granted to him by the bankruptcy court?

██ The issue raised by the pleadings and facts is to be decided by reference to the United States Bankruptcy Act — (11 U.S.C. c. 3, §35), and by construing the pertinent provisions thereof, viz., subsections 14 and 17 since the court's decision for the defendant was predicated upon an interpretation of both of these provisions in his favor.

Subsection 14 is titled:

*"Discharges, when granted,"*

and in part sets forth that "(c) The court shall grant the discharge unless satisfied that the bankrupt has (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement *in writing* respecting his financial condition." Section 17 is titled *"Debts not affected by a discharge,"* and sets forth in part "a) a discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as . . . (2) liabilities for obtaining money or

property by false pretenses or false representations."

In its construction of subsection 14 of the Bankruptcy Act and subsection 17, the court's finding for the defendant by reason of the discharge granted to him under subsection 14 interpreted the provision in subsection 17 (2) to mean, "debts created by false pretenses and false representations in writing."

It is significant that subsection 17 (2) omits the words "in writing" when setting forth the type of debts which are not affected by a discharge in bankruptcy.

Subsections 14 (3) and 17 (2) are distinct and apply to two different situations. By subsection 14 (3), Congress plainly indicated that no discharge shall be granted a debtor who has secured money or property by false pretenses or representations made in writing. This intention of Congress is unequivocally set forth and capable of but one interpretation as is expressed clearly by the language employed.

Should a bankrupt secure a discharge however, as the defendant did, can he avoid the payment of debts created by false pretenses and representations made orally?

The language of subsection 17 enumerates debts not avoidable by a discharge and among these are debts which are (2) liabilities for obtaining money or property by false pretenses or false representations. Did Congress intend that the words "in writing" be understood in the context in interpreting and applying subsection 17 (2)?

The language is clear, unambiguous and plainly states the legislative intent of Congress in enacting this section.

Sections 14 and 17 are harmonious and stand alone to be construed without interpolation.

It is clear that under the provisions of subsection 14, a debtor may receive a discharge in bankruptcy and yet under the provisions of subsection 17 (2) remain liable to a creditor who has a claim not avoidable by the discharge. This interpretation is deduced from the language contained in each subsection 14 (3) and 17 (2) respectively and would subject a bankrupt holding a discharge to liability to creditors from whom he has secured money or property by means of false pretenses and representations. We must assume that Congress intended what it has enacted. If it intended that only debts incurred by fraud in writing shall be unavoidable by a discharged bankrupt, it would have written in the words "in writing" when it passed section 17 (2). Since it has not done so, we must construe section 17 (2) to include all debts secured by any kind of false pretenses and representations whether oral or written. This is the only logical construction of section 17 (2) and to interpret it to mean that Congress intended that false pretenses and representations in writing which bar a discharge in section 14 should also be read into the language of section 17 (2) is to ignore its unambiguous language. The language of section 14 (3) cannot be incorporated by reference into the language of section 17 (2)

since to do so would be tantamount to re-writing by judicial interpretation an important piece of legislation affecting extensive commercial business. It is also rejected because we feel that Congress intended that bankrupts should not avoid the payment of their debts incurred by their fraud and false pretenses whether made orally or in writing. It has denied debtors a discharge under section 14 (3) if they are guilty of written fraud in securing money or property and we feel that the same moral considerations are manifested by making unavoidable by a discharged bankrupt, debts secured fraudulently and orally made. If any inferences are to be drawn as to the intent of Congress, it is logical to hold that under section 14 (3) written fraudulent pretenses are considered so serious an offense that no discharges shall ever be given a bankrupt for securing money or property in this fraudulent manner; but having secured a discharge Congress has legislated that a bankrupt cannot use it to avoid his debts incurred by securing money or property by false pretenses or false representations.

To sum up briefly, the right to a discharge under 14 (3) is one thing and under 17 (2) the effect of it is another thing. These questions are wholly distinct.

The courts have construed section 17 in favor of creditors against discharged bankrupts in many decisions when there was oral fraud.

In the case of *Katzenstein v. Reid & Co.,*

41 Tex. Civ. App. 106, 16 ABR 746, the court's finding is exactly in point with our opinion when it states, "These two sections should undoubtedly be construed together as argued by the appellant, and, following that plan of construction, we arrive at the conclusion that the two sections are perfectly harmonious; section 14 providing for the discharge of a bankrupt, unless it shall appear that certain acts have been done by him, and section 17 setting forth the debts from which the bankrupt shall be released by such discharge. Each bears upon a different subject; the one relating to the discharge, the other to the debts from which such discharge will relieve the debtor. The matters and things which will prevent a discharge in bankruptcy are different from those set out in the section which will not relieve from liability in case there is a discharge of the bankrupt. The bankrupt may be discharged and still be held liable for the classes of debts mentioned in amended section 17 of the Acts of 1903; and in seeking to hold a party liable, who has been discharged in bankruptcy, the ground for such liability must be found in section 17; and not in section 14, which enumerates grounds upon which a discharge shall be refused. *Brandenburg Banks,* p. 275; *Re Lewishon* (D.C.), 99 Fed. 73; *Re Rhutassel* (D.C.), 3 ABR 596, 96 Fed. 597; *Forsyth v. Vehmeyer,* 177 U.S. 177; *Bulles v. O'Beirne,* 195 U.S. 606, 13 ABR 108; *Re Steed* (D.C.) 6 ABR 73, 107 Fed. 683.

There is no requirement in amended §17 as to the manner in which the false pretenses or

false representations shall be conveyed to the defrauded party, and we do not believe that the National legislature intended a requirement that such pretenses or representations should be in writing, should be read from Section 14 into §17. In the first section it is provided that the bankrupt shall not be discharged if he has obtained property on credit upon a materially false statement in writing made to the person defrauded for the purpose of obtaining such property on credit; but in section 17 it provides that such discharge will not release the bankrupt from liabilities for obtaining property under false pretenses. The two provisions are not antagonistic, and there is no warrant for reading one into the other."

In two Massachusetts cases, a discharge in bankruptcy did not bar recovery for obtaining money by false representations. *Turner v. Atwood,* 124 Mass. 411; *Nat. Shawmut Bank v. Johnson,* 317 Mass. 485, 58 N.E. 2nd, 849.

In the Turner case, the court held "that debts created by fraud of the bankrupt are excepted from the operation of the discharge". Although the facts in the Turner case do not disclose whether the false pretenses were written or oral, the inescapable inferences to be drawn from the case indicates that the type of false pretenses was not important.

In the *National Shawmut Bank* case, the court held "where the defendant in giving notes forged his wife's signature as co-maker, defendant's discharge in bankruptcy did not bar recovery against the defendant by a holder

in due course for loss sustained because of forgery." In that case, the defendant bankrupt was sued for representing that his wife had signed the note in question, when in fact her signature had been forged. This was the false representation made orally and induced the bank to advance the money on the forged note.

In view of the foregoing, the denial of the plaintiff's rulings and the finding for the defendant were erroneous. The finding for the defendant is vacated and a finding for the plaintiff is to be entered in the sum of $446.58 together with interest.

Philip Barsh, of Brookline, for the Plaintiff.

Morris J. Chaban and Maurice Kream, both of Boston, for the Defendant.