GERALD DAVIS *vs.* MARGARET M. NOONE.

Suffolk.   October 7, 1960. — December 2, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Auditor: report of evidence, findings. *Evidence,* Inference. *Damages,* For deceit.

There was no merit in a contention made in an action that the report of an auditor ordered to "find the facts" should be excluded in its entirety at the trial because it included "extraneous and disconnected matter which appears to be the evidence or parts of the evidence." [490]

---

Comments on recitals of evidence in reports of auditors and masters ordered to "find the facts" under Rule 86 of the Superior Court (1954). [490–491]

In an action for deceit in connection with the sale of a rooming house by the defendant to the plaintiff, evidence that the heating expense for the house for the heating season immediately following the sale was twice an amount represented by the defendant to be the yearly heating expense warranted an inference that the amount represented by the defendant was false.   [491]

Where an auditor in an action for deceit in connection with the sale of a rooming house by the defendant to the plaintiff found that the defendant represented the property to have a "fair market value" of a specified amount, that if the representations made by him "set forth in the declaration" had been true the "fair market value" at the time of the sale would have been that amount, that "the actual value of the property" was a lesser amount, and that "consequently" the damage was the difference between the two amounts, the auditor's references to "fair market value" even though the plaintiff had not alleged any representation as to market value were harmless since it was apparent that the auditor had in mind the rule that the damages were "the difference in actual value between that which the plaintiff in fact got and that which he would have got if the representation[s] had been true." [491–492]

Tort.   Writ in the Superior Court dated July 18, 1956. The action was tried before *Paquet, J.*

*Bernard Wall,* for the defendant.

*Joseph B. Abrams, (Robert T. Abrams* with him,) for the plaintiff.

Spalding, J.   In this action of tort for deceit the plaintiff seeks to recover for misrepresentations allegedly made by the defendant in connection with the sale of a rooming house in that part of Boston known as the South End.   The case was referred to an auditor under the usual rule.   Rule 86 of the Superior Court (1954).   The auditor filed a report in which he found for the plaintiff in the amount of $12,000.   The report was recommitted to the auditor with instructions "to find the facts, including the subsidiary facts upon which his ultimate findings . . . [were] based." Pursuant to this order of recommittal the auditor filed a substitute report in which he again found for the plaintiff in the amount of $12,000.   At a trial to a jury the defendant moved to exclude the substitute report in its entirety.

Upon the denial of this motion, the defendant moved to exclude substantial portions of the report. Although the judge ordered certain portions of the report struck, the defendant's motion was, for the most part, denied. The questions for decision arise out of the defendant's exceptions to the refusals (1) to strike the report in its entirety and (2) to strike portions of the report.

1. The defendant argues that the entire substitute report should have been excluded because it included "extraneous and disconnected matter which appears to be the evidence or parts of the evidence" contrary to the order of reference and that such a report cannot be prima facie evidence under G. L. c. 221, § 56. This argument lacks merit. The defendant at the trial could move to exclude "any finding of fact which appears in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence." G. L. c. 221, § 56. Unless the entire report was objectionable—and we are of opinion that it was not—the defendant was not entitled to have it excluded.

We have not, however, overlooked the fact that the auditor's substitute report is replete with recitals of evidence, and some comments on this practice are in order. We have said repeatedly that it is the duty of an auditor or master under the usual rule to find the facts, not to report the evidence. *Shaw* v. *United Cape Cod Cranberry Co.* 332 Mass. 675, 678–680. *Lombardi* v. *Bailey,* 336 Mass. 587, 590. *Spirito* v. *Capar,* 337 Mass. 431, 432. *Sullivan* v. *H. P. Hood & Sons, Inc., ante,* 216, 218. True, it has been said that " 'An auditor is not limited in his report to a naked summary of the facts found . . . but may at his discretion include in it a narrative of the circumstances of the case, and a statement of the evidence given before him and of his reasons for his conclusions.' *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329." *Badoloto* v. *New York, N. H. & H. R.R.* 338 Mass. 421, 428. The instances, nevertheless, where evidence may be recited in a report are rare. Where, in the unusual situation that a master or auditor deems it appropriate to recite evidence, he should be careful to dif-

ferentiate the evidence from his findings. It frequently happens, when evidence is included in a report, that it is woven into the findings in such a way that it is difficult, if not impossible, for a court to determine what is a finding and what is evidence. A recent case illustrating this difficulty is *Spirito* v. *Capar,* 337 Mass. 431, 432. In short, the recital by a master or auditor of evidence in his report usually does more harm than good. It is much the better practice to omit such recitals.

2. In support of her exception to the refusal to exclude portions of the report, the defendant makes numerous contentions but we think that only a few of them merit discussion. The auditor's findings with respect to the heating bill were as follows: "I find that the heating bill from October 1, 1955, through June 30, 1956, was $1,468.46 and that the defendant falsely represented the heating bill was between $680 and $700 per year." The plaintiff acquired title to the property on September 30, 1955. The increased cost found by the auditor was for the heating season immediately following the transfer of title. The defendant argues that this is not proof that the representation of the defendant as to a prior period was false. It would have been better if the plaintiff had adduced proof that the heating costs were higher during the period that the property was owned by the defendant instead of showing an increase for the period following the transfer of title.[1] Still, in view of the fact that the bill for the subsequent period was twice the amount represented by the defendant we cannot say that an inference could not be drawn that the figure for the prior period (the year before) was false. See *Beacon Trust Co.* v. *Wright,* 288 Mass. 1, 5-6.

The auditor found as follows on the issue of damages. "I . . . find that the defendant represented the property to have a fair market value of $27,000, and that if the representations made by the defendant, set forth in the declaration, had been true, the fair market value at the time of the sale would have been $27,000. . . . I find that the actual

---

[1] That this was not done may well have been because, as the auditor found, the defendant had destroyed her bills.

value of this property was $15,000.   Consequently the damage would be the difference between $27,000 and $15,000.'' The use of the words ''fair market value'' in the above findings was unfortunate.   The plaintiff understandably did not base his right to recover on any misrepresentation as to market value.   See *Gaucher* v. *Solomon,* 279 Mass. 296, 299.   Compare *Standard Oil Co. of New York* v. *Back Bay Hotels Garage, Inc.* 285 Mass. 129, 133–134.   This would have been a matter of opinion.   In an action for deceit the damages ordinarily ''consist . . . in the difference in actual value between that which the plaintiff in fact got and that which he would have got if the representation had been true.''   *Piper* v. *Childs,* 290 Mass. 560, 561–562.   Compare *Rice* v. *Price,* 340 Mass. 502, 506–511.   It is apparent, however, that the auditor in fixing damages had the above quoted principle in mind, despite his reference to fair market value.   The judge's charge is not before us and it must be assumed that proper instructions on the issue of damages were given.   *Ferris* v. *Turner,* 320 Mass. 555, 558.

*Exceptions overruled.*