CARLTON J. LARSON *vs.* BROCKTON AGRICULTURAL SOCIETY.

Plymouth.   February 7, 1962. — June 4, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Practice, Civil,* Auditor: findings, report of evidence.

A report of an auditor which was lacking in subsidiary findings and largely
   devoted to a recital of evidence was unsatisfactory.  [465]
On the record of an action heard by an auditor whose findings of fact
   were to be final and whose conclusion was not supported by his few
   subsidiary findings or by evidence recited in great detail by him, the
   order for judgment was reversed and the action was remanded to the
   Superior Court for amplification of the subsidiary findings relied on by
   the auditor in reaching his conclusion.  [465–466]

CONTRACT.   Writ in the Superior Court dated December
6, 1957.

The action was heard by *Dewing,* J., upon the report of
an auditor.

*Richard Braverman* for the defendant.

*Albert C. Doyle,* for the plaintiff, submitted a brief.

SPALDING, J.   This action of contract was heard by an
auditor whose findings of fact were to be final.   The auditor
found for the plaintiff in the sum of $3,562.50.   Thereafter,
judgment for the plaintiff was ordered on the auditor's
report and the defendant appealed.

The auditor designated certain portions of his report as
"Pleadings," "Findings," and "Conclusions."   Under the
heading "Findings," it was stated that a written contract
was entered into on August 10, 1954, between the plaintiff
and the defendant (Society).   The contract was for em-
ployment of the plaintiff for three years, commencing on
October 15, 1954, to manage the Brockton Fair.   The com-
pensation was $7,500 per year.   It was stated that the plain-
tiff testified that he reported for work on October 15, 1954,
and remained there until March of 1957 when his employ-

ment was terminated by a letter signed by the president of the Society; that he was not paid for the six and one-half months from April, 1957, to October 15, 1957; that he attempted to obtain other employment for the unexpired term of his contract following his discharge but was able to earn only $500; that on February 26, 1957, he received a letter requesting on behalf of the Society either the original or a copy of his contract of employment; that the plaintiff's attorney notified the Society that the plaintiff had the original in his possession and would produce photostats thereof "in the event Carney [the president of the Society] is willing to state his intentions and the intentions of the Directors of the . . . Society"; that on March 4, 1957, his attorney mailed a photostat of the contract to the Society; that he was authorized to sign certain payroll checks on behalf of the Society, and that he signed his own check for compensation for the month of March, 1957, which was in advance.

It was further stated, under the heading "Findings," that George L. Carney, Junior, president of the Society, testified that it came to his attention that certain reports to the Internal Revenue Department were long overdue, and as a result the Society had to pay a penalty to the government; that he felt it was the plaintiff's duty to file reports with the Internal Revenue Department; and that at a meeting of the board of directors held on March 2, 1957, it was voted to discharge the plaintiff, which he did by letter dated March 2, 1957, wherein he informed the plaintiff that his services as manager were unsatisfactory and no longer required.

Under the heading "Conclusions," the auditor found that the plaintiff properly performed his duties in accordance with his contract up to the time he was discharged on March 2, 1957, and that he did nothing to "breach his contract." He found that the written contract was a part of the minutes of the directors' meeting held in 1954, and that these were in the Society's office. He also found that the responsibility for filing tax returns with the government was that of the treasurer. He concluded that there was a wilful

breach by the Society when it terminated the employment of the plaintiff on March 2, 1957.

The auditor's report is unsatisfactory. We have said repeatedly that it is the duty of an auditor under the usual rule to find facts, not to report evidence. *Davis* v. *Noone,* 341 Mass. 488, 490, and cases cited. Most of that portion of the report which should contain the subsidiary findings is devoted to a recital of evidence. Thus it is said that there was "evidence" of this, and that a certain witness "testified" to such and such, and so on. Where, as here, a report is so lacking in subsidiary findings, it is the duty of the judge on motion or, absent such a motion, on his own motion, to recommit the report so that adequate subsidiary findings may be made.[1] Conceivably the auditor may have intended his recitals of evidence to be findings of fact, but as to that we can only speculate.

The auditor found as a naked conclusion that the plaintiff did nothing to "breach his contract." But the conclusion is not supported by his subsidiary findings. The only proper findings that were made on this issue were as to the Society's demand to see the contract and as to the responsibility for filing tax returns.[2] There was no finding as to the plaintiff's authority to make out his own check for compensation in advance. The auditor stated that his conclusions were based upon all of the evidence; thus it is conceivable that they may have rested on evidence which was not before the judge and is not before us. But he reported, under the heading "Findings," testimony in such detail that it is reasonable to assume that this was all of the evidence upon which his conclusions were based. *Deyo* v. *Athol Housing Authy.* 335 Mass. 459, 463. Neither such subsidiary findings as the auditor made nor the evidence

[1] Rule 86 of the Superior Court (1954) has recently been amended so that auditors and masters are now required to "find the subsidiary facts on each issue tried and report them and . . . [their] general findings based on such subsidiary findings to the court . . . ." The rule further provides, with exceptions, that evidence shall not be reported. Under this rule, if adhered to, questions of the sort herein discussed should not arise.

[2] With respect to these matters the findings were, (1) that the Society had a copy of the contract, and (2) that it was not the plaintiff's responsibility to file tax returns.

recited by him affords a basis for the foregoing conclusion.

The order for judgment is reversed and the case is remanded to the Superior Court for amplification of the subsidiary findings relied upon by the auditor in concluding that the plaintiff did not "breach his contract." See *Deyo* v. *Athol Housing Authy.* 335 Mass. 459, 463.

*So ordered.*