*Western District*
## HOUSEHOLD FINANCE CORPORATION
v.
## ERNEST A. STEWART
and
## SHIRLEY H. STEWART

Argued: February 11, 1963
Decided: March 11, 1963

*Present*: Garvey, P.J., Levine & Allen, JJ.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 15,812.

*Garvey, P.J.* In this action of contract or tort the plaintiff seeks to recover the sum of $880.00, with interest, from the first day of October, 1959. Count 1 alleges this amount to be due on a promissory note. Count 2 alleges the same amount to be due because of the deceit of the defendants. The defendant, *Ernest* A. Stewart, answered that subsequent to the making of the note he was adjudicated a bankrupt, listed the plaintiff as a creditor, and received a discharge. After a trial, the court found for the plaintiff on both counts and assessed damages in the amount of $1004.00. The defendant *Ernest* A. Stewart, claiming to be aggrieved by certain rulings of the judge requested this report. [1]

The report, although it contains the required statement that it "contains all the evidence material to the question(s) reported" is insufficient to support the trial judge's findings. In their arguments and briefs both parties have considered the same issues as being properly raised on the report. After the arguments, to eliminate the necessity of a new trial, or remand for further amplification, (G. L. [Ter. Ed.] c. 231, §108; Rule 28 of the Rules of the District Court) the

---

[1] The defendant, Shirley H. Stewart, did not claim a report.

parties agreed that the following was the undisputed evidence:

On October 10, 1958, when the defendant owed the plaintiff, a small loan company, a balance of approximately $680.00 on a promissory note (first note) dated August 26, 1957, payable in installments, he applied for an additional loan. At the request of the plaintiff he executed, on one of its forms, a statement as to his financial condition, which he grossly understated. The plaintiff, relying on this statement loaned him an additional $107.00. The first note was cancelled and a second installment note in the amount of $960.00 (the amount then due on the first note plus the $107.00), payable to the plaintiff, was executed by the defendant. Thereafter he made payments totalling $80.00. On September 25, 1959, he was adjudicated a bankrupt and on December 29, 1959 received a discharge. His liability to the plaintiff was listed in his bankruptcy schedules and it received due notice thereof.

The trial judge made the following special findings of fact:

"I find that On December 10, 1958 * the defendants for a valuable consideration did sign a note payable to the plaintiff in the amount of $960.00 and there is now due on the principal the sum of $880.00 interest to October 1, 1959 of $124.00. I find that the defendants made false and fraudulent misrepresentations to the plaintiff, in order to obtain the loan on October 10, 1958; that they were in respect to a material matter and that the plaintiff relied on them to its detriment. I find

* The parties agreed this should be October 10, 1958.

that the defendant, Ernest Stewart, filed a petition in bankruptcy listing the above note and the plaintiff as his creditor. The said defendant received a discharge in bankruptcy on December 29, 1959."

We are concerned here with three issues, the effect of §17 of the Bankruptcy Act on the defendant's discharge in bankruptcy; the pleadings; and the correct rule as to damages.

Generally, a "discharge in bankruptcy affords a debtor a complete legal defense to an action on the debt if he wishes to avail himself of it . . . . . Such pleading is similar in legal effect to the pleading as a bar of the statute of limitations". *Elliot v. Warwick Stores, Inc.,* 329 Mass. 406.

There are exceptions. Clause (2) of §17 of the Bankruptcy Act, 11 USC §35 (a) (2), provides: "A discharge in bankruptcy shall release a bankrupt from all prevable debt, whether allowable in full or in part, except such as . . . . . are liabilities for obtaining money or property by false pretenses or false representations". [2] On the evidence the trial judge was correct in finding the defendant had obtained money by false representations and his liability therefore was unaffected by his discharge in bankruptcy.

---

[2] This clause was amended by an Act of Congress on July 12, 1960 (74 Stat. 408). It now provides for non-discharge of liabilities "for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive".

*National Shawmut Bank v. Johnson,* 317 Mass. 485.

█ The plaintiff cannot recover on Count 1 and is limited on Count 2 to a recovery of $107.00, the amount of money loaned him as the result of his deceit, with interest. In Count 1 the plaintiff declared on the second note to which the defendant pleaded and proved his discharge in bankruptcy. No issue of obtaining money by false representations was presented by these pleadings. This precise question doesn't seem to have been decided by our Supreme Judicial Court. "There seems to be some controversy over the nature of the cause of action pleaded in the state courts. It is generally conceded that since the debt on the note is discharged, only the liability for fraud survives the discharge, and therefore the suit must be on the fraud". Indiana Law Journal, Vol. 32, (Winter 1957) No. 2, page 157 with citations. Where recovery has been permitted in our courts the action has been in tort for deceit. *Morse v. Hutchins,* 102 Mass. 439; *Turner v. Atwood,* 124 Mass. 411; *National Shawmut Bank v. Johnson,* 317 Mass. 485. Compare *Cooke v. Plaisted,* 181 Mass. 82.

█ In our opinion, in a contract action when a discharge in bankruptcy is pleaded a plaintiff if he wishes to come within §17 of the Bankruptcy Act must, in some manner, set forth the alleged deceit in his pleadings. There was no such allegation here. *Carmel Credit Union v. Lesser,* 344 Mass. 623.

█ It was error to deny the defendant's

eleventh request which directed the trial judge's attention to this issue. It read: "The plaintiff is limited in his recovery to damages in an action of tort".

On Count 2 alleging deceit, the trial judge assessed damages in the full amount of the balance due on the second note. The attention of the court was directed to this issue by the defendant's request reading: "The only damage to the plaintiff is that represented by the last advance in October, 1958". We are of the opinion that there can be no recovery in excess of $107.00, the amount of money loaned on the basis of the application containing false representations. [3]

"The burden is on a plaintiff in an action of deceit to prove his damages." *National Shawmut Bank v. Johnson,* 317 Mass. 485, 491. In *Davis v. Noone,* 341 Mass. 488, 492, the court said: "In an action for deceit the damages ordinarily 'consist . . . . in the difference in the actual value between that which the plaintiff in fact got and that which he would have got if the representation had been true'. *Piper v. Childs,* 290 Mass. 560, 561-562." [4] For a full discussion of the "benefit of the bargain" rule and the "out of pocket"

---

[3] No evidence introduced, or contention made, that there was any deceit practiced by the defendant in respect to the loan represented by the first note. There was no contention by the defendant that the re-payments of $80.00 should have been applied to reduce this amount.

[4] No evidence was offered by the plaintiff of the ability of the female defendant to pay the whole or any part of the debt created by the deceit. The defendant doesn't argue this issue. *National Shawmut Bank v. Johnson,* 317 Mass. 485, 481.

rule for damages in actions for deceit see *Rice v. Price,* 340 Mass. 502. We think the "out of pocket" rule of damages should apply in the instant case. [14 LEGALITE 193, 207, 250]

In *The Beneficial Finance Company v. Casadonte,* 14 Mass. App. Dec. 84, the Southern Division held, on substantially the same factual situation presented here, that the plaintiff could recover only the amount of money loaned at the time of the deceit. See also *Public Loan Corp. v. Magoon,* 2 Mass. App. Dec. 114. Here there was clearly no 'obtaining of property' by false representations within the meaning of §17. All that was obtained by the defendant was $107.00.

The following entries shall be made: Count 1, Judgment for the defendant; Count 2, Judgment for the plaintiff in the amount of One Hundred Seven and no/100 ($107.00) Dollars with interest from October 1, 1959.

Eugene Berman, of Springfield, for the Plaintiff.

Abraham Benton, of Springfield, for the Defendant.