**Paul J. MODENA**
vs.
**Thomas ELLIS and Mary ELLIS**

**No. 289**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**July 3, 1981**

**Donald W. Goodrich,** counsel for plaintiff
**Philip A. Vachon,** counsel for defendants

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Greenfield Division, and prejudicial error having been found,

It is hereby

ORDERED: That the Clerk of the Northern Berkshire Division make the following entry in said case on the docket of said Court, namely: The judgment for the defendants is vacated and judgment is to enter for the plaintiff in the sum of $8,483.80.

Date: July 3, 1981
**William T. Walsh, Presiding Justice.**
**Mel L. Greenberg, Justice**
**Allan McGuane, Justice**
Opinion filed herewith.
**Robert E. Fein, Clerk**

## OPINION

**WALSH, P.J.** This complaint asserts a cause of action to recover damages for false and fraudulent representations made in relation to the sale of a cleaning business. Plaintiff appeals from a judgment made in favor of the defendants.

The issue presented on this appeal is whether the plaintiff had a duty to investigate the circumstances accompanying the fraudulent representations and that his failure to do so precludes recovery.

The evidence at trial tended to show that plaintiff and defendants executed a written agreement dated October 5, 1977, in which plaintiff purchased a cleaning business owned by defendants for the sum of $25,000.00. The contract also contained a provision in which the defendants' agreed to indemnify the plaintiff for any loss or expense, including legal fees, resulting from any misrepresentation or breach of warranty made in relation to the sale.

Plaintiff learned of the sale of the business from a real estate employee who presented the plaintiff with a statement containing the 1976 profit and loss figures for the business. In later discussions the defendant claimed that the profit was actually greater than that shown because of the inclusion of personal expenses unrelated to the business and that the figures appearing on the 1976 income tax return were much lower than the figures appearing on the profit and loss statement. Defendants stated that gross income in 1977, thus far, was about $30,000.00. Defendants also stated that books were kept on a yearly basis with all records thrown out or destroyed at year end, and, that everything was kept track of but not in a formal sense.

Plaintiff visited the defendants' business and saw work received entered on the invoice machine while other work that was received was entered in a red book. No amount was entered in the red book but related information was placed on pieces of scrap paper which were destroyed after the customer had picked up his items and had paid. Entries were also made in other books.

All records were made available to the plaintiff. After the sale the records remained at the business thereby enabling a reconstruction of sales and income. This was assumed by the plaintiff to have been impossible before the sale although this assumption was not made known to the defendants. The reconstruction showed 1977 income during the defendants' ownership to have been $20,841.21.

Prior to the negotiations the plaintiff also had knowledge of the defendants' home, furnishings, possessions and apparent affluent lifestyle. Plaintiff concluded that the defendants possessed

money from the successful operation of their cleaning business.

The parties stipulated that legal fees and expenses were in the sum of $3,483.00.

The trial court found that although the defendants represented that the 1977 gross income was about $30,000.00, it was not greater than $21,000.00. The court also found that the defendants knew their representation of income was false, that it was material, and that it was made to induce the plaintiff to purchase the business. The court also found that other disclosures made by the defendants as to the questionable bookkeeping methods; the income tax return that did not reflect the figures given the plaintiff, and the inclusion of nonbusiness expenses, together with the defendants' affluent lifestyle, were sufficient to put plaintiff on guard or cast suspicion upon the truth of the 1977 gross income. In view of these warnings and the plaintiff's failure to inspect the business records, the court held that the plaintiff was precluded from contending that he relied on the defendants' misrepresentations to his detriment.

The court further found that the fair and reasonable value of the business on October 5, 1977 was $25,000.00. However, it was also found that if the business had been doing the volume of gross business that was represented by the defendants, its value would have been $30,000.00.

The plaintiff appealed from the judgment for the defendant and relies principally on the denial of his request for ruling that ''There is insufficient evidence, as a matter of law, to warrant a finding for the defendants . . .''

To recover for fraud the plaintiff must show that the defendant made a false representation of a material fact knowing that the representation was false and that

reliance on the false representation and his subsequent damage. **Barrett Associates, Inc.** v. **Aronson,** 346 Mass. 150, 152 (1963); **Kilroy v. Barron,** 326 Mass. 464, 465 (1950). The trial court found all the elements of fraud except for the plaintiff's reliance. The trial court felt that all the attendant circumstances put the plaintiff on notice as to the questionable nature of the defendant's claim and that consequently the plaintiff improperly relied on the false representation.

Previous to 1955, Massachusetts generally followed the rule of caveat emptor in arm's length transactions. As stated in **Mabardy v. McHugh,** 202 Mass. 148, 151 (1909), ''People must use their own faculties for their protection and information, and cannot assume that the law will relieve them from the natural effects of their heedlessness or take better care of their interests than they themselves do.'' The courts recognized that any decision must balance the improvidence and negligence of one party against the misrepresentation and fraud of another party.

In **Yorke v. Taylor,** 332 Mass. 368 (1955), however, the rule changed. In that case the plaintiff sued to rescind a sale of real estate. The plaintiff claimed that the defendant had misrepresented the assessed value of the building at less than one half the actual figure. The plaintiff prevailed even though during a tour of the building he had doubted the given figure because of the obvious value of the property.

The court departed from the rule of **caveat emptor** and instead adopted the rule of the **Restatement** that, ''The recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying on its truth, although he might have ascertained the falsity of the representation had he made an

plaintiff could reasonably rely on the representation of the assessed value as being a fact within the defendant's knowledge and was not obliged to go further to ascertain its truth. The Court, however, did recognize that an individual would not be justified in relying on a preposterous or palpably false representation.

In the case at hand the lower court held that the plaintiff was unjustified in relying on the defendants' representations since their questionable bookkeeping, improper computation of income tax, and inclusion of personal expenses in business liabilities cast extreme doubt and great suspicion upon their truth. The court also held that it was a reckless and conscious failure on the part of the plaintiff not to have availed himself of the opportunity to examine the business records.

Although the plaintiff should have had great suspicion and extreme doubt about the defendants' representations, **Yorke** requires a greater showing before reliance becomes unjustified. The representation must be obviously false. In **Yorke** the plaintiff knew of the obvious value of the building and did have great suspicion as to the stated assessed value. Nevertheless, the stated value was not obviously false and the plaintiff properly relied on it. In the case at hand, the gross income of the business for 1977 was a fact within the defendants' knowledge and the plaintiff could reasonably rely on the defendants' representation and was not obligated to investigate.

Damages for deceit consist of the difference between that which the plaintiff got and that which he would have gotten had the representation of the defendant been true. **Davis v. Noone,** 341 Mass. 488, 492 (1960). The lower court found this amount to be $5,000.00. Pursuant to the agreement of the parties, misrepresentation having been found, the

Reversible error having been found, the judgment for the defendants is vacated and judgment is to enter for the plaintiff in the sum of $8,483.80.

So ordered.
**William T. Walsh, Presiding Justice**
**Mel L. Greenberg, Justice**
**Allan McGuane, Justice**